[Crim. No. 23838. Oct. 28, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT CLIFFORD FRITZ, JR., Defendant and Appellant.

228

## COUNSEL

Myra A. Weiher, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

Thomas W. Sneddon, Jr., District Attorney (Santa Barbara), Gerald McC. Franklin, Senior Deputy District Attorney, and Christopher N. Heard as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**KAUS, J.**\*—The sole question presented in this case is whether a trial court, in sentencing a defendant who has previously been convicted of a

---

\*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.

"serious felony" within the meaning of Penal Code section 667,[1] retains discretion to strike the prior conviction in furtherance of justice under section 1385. The Courts of Appeal have reached differing conclusions on this issue, and we granted a hearing to resolve the conflict. As we shall explain, we have concluded that on the authority of *People* v. *Williams* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1039], the applicable statutory and constitutional provisions cannot properly be interpreted to eliminate a trial court's traditional section 1385 authority in this context. Because the record reveals that in this case the trial court erroneously believed it had no discretion to strike the prior, we vacate the judgment and remand the case to the trial court to permit it to resentence defendant with an accurate view of its powers.

## I

In February 1983, defendant Robert Fritz pleaded nolo contendere to charges of robbery (§ 211), false imprisonment (§ 136), assault with a deadly weapon (§ 245, subd. (a)), and assault with a deadly weapon upon a peace officer (§ 245, subd. (b)) and admitted allegations relating to three weapon-use enhancements (§§ 12022.5, 1203.06, subd. (a)(1)). He also admitted a 1977 felony conviction for which he had served a separate prison term (§ 667.5), and a 1982 "serious felony" conviction of robbery (§§ 667.5, 1192.7, subd. (c)(19)). At a sentencing hearing the following month, the trial court sentenced defendant to a total of 15 years in prison, including a consecutive term of 5 years under section 667 for the 1982 serious felony robbery conviction. The record of the sentencing hearing indicates that the trial court believed that imposition of a consecutive five-year sentence for the serious felony enhancement was mandatory.

Defendant contends on appeal that the trial court erred in concluding that it had no discretion to strike the serious felony prior for purposes of sentencing. In defending the trial court's conclusion, the People assert that the provisions of both section 667 itself and article I, section 28, subdivision (f) of the state Constitution eliminate a trial court's traditional discretion. We conclude that under the governing authorities, the People's contention cannot be sustained.

## II

A long line of decisions, stretching over nearly 30 years, has established that a trial court's general statutory authority to "dismiss" an action "in

---

[1]Unless otherwise noted, all section references are to the Penal Code.

furtherance of justice" under section 1385[2] includes the power to "strike" a prior conviction for purposes of sentencing, whether or not the conviction has been admitted or established by the evidence. (See, e.g., *People* v. *Burke* (1956) 47 Cal.2d 45, 50-51 [301 P.2d 241].) We most recently reviewed this line of decisions applying section 1385 in *People* v. *Williams, supra,* 30 Cal.3d 470, 478-483, and there is no need to reiterate that historical review here. For our purposes, the significance of the majority opinion in *Williams* is that—coming on the heels of this court's decision in *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328]—it sent an unmistakable signal to drafters of sentencing provisions of the need to include clear language eliminating a trial court's section 1385 authority whenever such elimination is intended. *Williams* explains that absent a clear expression of legislative intent in this regard, a sentencing statute will not be construed to abrogate a trial court's general section 1385 power to strike. (30 Cal.3d at pp. 483-485, 489.)

Both of the provisions on which the People rely as having eliminated the trial court's section 1385 power to strike serious felonies—section 667[3] and article I, section 28, subdivision (f)[4]—were drafted shortly after the *Williams* decision and were enacted by the voters as part of Proposition 8 in the June 1982 election. Neither section, however, contains any express language indicating that it was intended to eliminate a trial court's section 1385 power with respect to the serious felony enhancement adopted in section 667, and nothing in the ballot analysis or arguments which were before the

---

[2]Section 1385 provides in relevant part: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reason of the dismissal must be set forth in an order entered upon the minutes."

[3]Section 667 provides in full: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. [¶] (b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply. [¶] (c) The Legislature may increase the length of the enhancement of sentence provided in this section by a statute passed by majority vote of each house thereof. [¶] (d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7. [¶] (e) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."

[4]Article I, section 28, subdivision (f) provides in full: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

voters suggests such a purpose. Although section 667 does contain mandatory language—"[a]ny person convicted of a serious felony . . . *shall* receive . . . a five-year enhancement for each such prior conviction"—*Williams* and *Burke* plainly hold that such language alone is not sufficient to eliminate a trial court's power to strike. And whatever the "without limitation" language of article I, section 28, subdivision (f) may have been intended to mean in the enhancement of sentence context, in light of *Williams* this general language cannot reasonably be construed as eliminating a trial court's power to strike in furtherance of justice. If this portion of Proposition 8 had been drafted with *Williams* in mind, as has been suggested, the absence of express language referring to section 1385 and the trial court's discretion thereunder would be inexplicable.

Thus, we conclude that neither section 667 nor article I, section 28, subdivision (f) can be construed to abrogate a trial court's well-established statutory authority to strike a prior conviction.

The judgment is vacated and the case is remanded to the trial court, with directions to resentence defendant in light of the conclusion expressed in this opinion.

Bird, C. J., Broussard, J., and Reynoso, J., concurred.

**GRODIN, J.,** Concurring.—I would have no difficulty concurring in the judgment if it were not for article I, section 28, subdivision (f) (hereafter section 28(f)) of the California Constitution, which provides in part that prior felony convictions shall be used for purposes of enhancement of sentence "without limitation." Unless we are to say that this provision has no meaning at all—an alternative which this court has strongly resisted in the past (see *In re Lance W.* (1985) 37 Cal.3d 873, 887 [210 Cal.Rptr. 631, 694 P.2d 744])—we must at least make an effort to come to grips with its meaning before we can say that it does not apply. This the majority opinion does not do.

In *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], we considered the "without limitation" clause of section 28(f) as it applies to impeachment of witnesses. A majority of this court held in that context that the clause was intended to remove certain limitations upon the exercise of trial court discretion which had been imposed by this court through "rigid, black letter rules of exclusion." (38 Cal.3d at p. 312.) Some of us disputed that interpretation believing that the provision was intended to have a broader sweep (see conc. opn. of Grodin, J., 38 Cal.3d at p. 320), but there was no doubt among us—nor was there any reasonable

room for doubt—as to the general category of "limitation" which the clause was designed to remove.

In the context of sentence enhancements, the "without limitation" language has no clear referent. Enhancement of sentences can occur only within a system of rules which prescribes what sorts of prior convictions are to be used for purposes of enhancement, and the criteria and procedure by which enhancements are to be computed in relation to the defendant and the crime he has committed. All of these criteria can be viewed both positively and negatively, i.e., as stating the conditions under which enhancement will or may occur, or as stating the circumstances under which they will not. A rule of law which provides that sentences will be enhanced on the basis of certain types of crimes, for example, carries with it the negative implication that enhancement will not occur on the basis of crimes outside the delineated category. Similarly, there is a negative aspect to a rule of law which prescribes the period within which prior crimes must have occurred in order to form the basis for enhancement or the types of crimes of which the defendant must be convicted currently in order that his sentence be enhanced. In the case of each of these criteria, the negative implication of the rule can be viewed as a "limitation" upon enhancement, yet the "limitation" exists only as the flip side of the rule's "positive" aspect.

Thus, if it was the purpose of section 28(f) to restrict the power of the Legislature to establish criteria and procedures for sentence enhancements, it is difficult to understand what restriction was intended. Nothing in that subsection, or in the accompanying commentary of the Legislative Analyst, provides the slightest clue. One amicus, recognizing this problem, has suggested that the "without limitation" language of section 28(f) was intended to preclude limitations which are "external" to the enhancement statute, while preserving limitations which are "internal." Such a distinction, however, quite apart from the fact that it finds no support in the language or history of the initiative, makes no sense. Why would the voters care whether the "limitation" imposed by the Legislature is contained in the same statute as the provision for enhancement, or in a different statute?

Nor can section 28(f) plausibly be viewed as a simple repeal of the holding in *People* v. *Williams* (1981) 30 Cal.3d 470, 482-483 [179 Cal.Rptr. 443, 637 P.2d 1039], to the effect that courts have discretion to strike enhancements under Penal Code section 1385. To utilize a constitutional amendment for the purpose of overturning a statutory interpretation, with the Legislature left free to restore that interpretation of its wishes, would be strange indeed. Moreover (and here I agree with the majority) the analysis in *Williams* itself precludes giving this initiative language that effect.

There is a meaning which can be ascribed to the "without limitation" language of section 28(f) which does not depend upon probing these mysterious depths. The section provides that "[a]ny prior felony conviction of any person in any criminal proceeding, *whether adult or juvenile*" is to be used "without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." At the very least, section 28(f) tells us that so far as the state Constitution is concerned there is no constitutional barrier to the enhancement of a sentence on the basis of certain juvenile proceedings. Whatever else it may mean (and I express no opinion as to whether it may mean something more), the section at least means that.

On the basis of this analysis I concur in the judgment.

**LUCAS, J.**—I respectfully dissent.

In 1982, as part of the so-called Victims' Bill of Rights initiative measure (Prop. 8 on the June 1982 Primary Elec. ballot), the people enacted a provision which imposes a five-year consecutive enhancement of sentence of those persons convicted of certain "serious felonies" who had suffered a prior conviction of such a felony. (Pen. Code, § 667; further statutory references are to this code unless otherwise indicated.) At the same time, the voters added to article I of the state Constitution, section 28, subdivision (f), which provides that "Any prior felony conviction of any person in any criminal proceeding . . . shall subsequently be used *without limitation* for purposes of impeachment or enhancement of sentence in any criminal proceeding." (Italics added.)

The majority, holding that California trial judges retain discretion to dismiss or strike a prior serious felony conviction in order to avoid the mandatory five-year enhancement provided by section 667, wholly ignores the clear intent of the people that such prior convictions shall be used "without limitation" for enhancement purposes. Once again, through a strained and unrealistic statutory construction, the majority has thwarted the obvious intent of the framers of, and voters for, Proposition 8. (See *People* v. *Castro* (1985) 38 Cal.3d 301, 319 [211 Cal.Rptr. 719, 696 P.2d 111] [dis. opn. by Grodin, J.], 323 [dis. opn. by Lucas, J.].)

I have concluded that the trial courts have no power to strike a serious-felony conviction which mandates section 667 enhancement, and I adopt as my dissent the following portion of the well-reasoned opinion of Acting Presiding Justice Scott for the Court of Appeal, First Appellate District, in

this case which so holds. That opinion, with appropriate additions and deletions,* reads as follows:

In June 1982, the voters of California adopted the initiative measure known as Proposition 8, to accomplish changes in the state's criminal justice system for the purpose of protecting or promoting the rights of actual or potential victims of crime. (*Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 242-247 [186 Cal.Rptr. 30, 651 P.2d 274].) In enacting Proposition 8, the state's voters intended to deter crime (*People* v. *Smith* (1983) 34 Cal.3d 251, 258-260 [193 Cal.Rptr. 692, 667 P.2d 149]), and achieve more severe punishment for criminal acts. (*Brosnahan, supra,* 32 Cal.3d at p. 247.) Among the constitutional and statutory changes made by the initiative was the enactment of section 667. Subdivision (a) of section 667 requires that a person convicted of a "serious felony who previously has been convicted of a serious felony . . . *shall receive,* in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement *shall* run consecutively."[1] (Italics added.) Serious felonies within the meaning of section 667 are listed in Penal Code section 1192.7; among those felonies are assault with a deadly weapon on a peace officer (subd. (c)(11)), and robbery (subd. (c)(19)). []

The power to strike a charge of a prior conviction, whether or not it has been admitted or established by the evidence, is within the power referred to in Penal Code section 1385.[2] (*People* v. *Burke* (1956) 47 Cal.2d 45, 51

*Brackets together, in this manner [], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than the editor's parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (*Estate of McDill* (1975) 14 Cal.3d 831, 834 [122 Cal.Rptr. 754, 537 P.2d 874].)

[1]In full, section 667 provides: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply.

"(c) The Legislature may increase the length of the enhancement of sentence provided in this section by a statute passed by majority vote of each house thereof.

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of section 1192.7.

"(e) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."

[2]Section 1385 provides in relevant part: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

[301 P.2d 247], disapproved on other grounds in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641].) In general, section 1385 permits dismissals in the interest of justice in any situation where the Legislature has not clearly indicated a contrary intent. (*People* v. *Williams* (1981) 30 Cal.3d 470, 482-483 [179 Cal.Rptr. 443, 637 P.2d 1029].) The issue, therefore, is whether the legislators, in this instance the voters, expressed their intent that the mandatory provisions of section 667 are not to be avoided by employing section 1385.

[I] first examine the language of the statute itself. The use of the mandatory "shall" in subdivision (a) does not necessarily indicate that section 1385 is inapplicable (*People* v. *Williams, supra,* 30 Cal.3d at p. 483), and section 667 does not explicitly state that judicial discretion under section 1385 is precluded. Nevertheless, subdivision (b) of section 667 does plainly state when the section shall *not* be applied: ". . . when the punishment imposed under other provisions of law would result in a longer term of imprisonment." This specified exception to the application of section 667 by necessary implication excludes all other exceptions. (*People* ex rel. *Cranston* v. *Bonelli* (1971) 15 Cal.App.3d 129, 135 [92 Cal.Rptr. 828].)

In addition, section 667 specifies how its provisions may be changed. Subdivision (c) permits the Legislature to increase the length of the enhancement by majority vote; in contrast, any other amendments to the section require either a two-thirds vote of both houses of the Legislature or a statute effective only on approval by the voters. (§ 667, subd. (e).) The necessary implication of this restriction on the Legislature's power to ameliorate the mandate of section 667 is that the electorate did not intend trial courts to be able to nullify that mandate entirely by striking priors.

Moreover, in ascertaining legislative intent, we must not read section 667 in isolation, but must construe it with reference to the whole system of law of which it is a part. (*People* v. *Ruster* (1976) 16 Cal.3d 690, 696 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269], disapproved on other grounds in *People* v. *Jenkins* (1980) 28 Cal.3d 494, 503, fn. 9 [170 Cal.Rptr. 1, 620 P.2d 587].) Acts relating to the same subject or having the same general purpose must be read together. (*Isobe* v. *Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590 [116 Cal.Rptr. 376, 526 P.2d 528].) Accordingly, we must read section 667 in conjunction with the entire initiative of which it was a part, and, more specifically, in connection with other provisions of that initiative which refer to prior convictions.

When the voters enacted section 667, they also amended the state's Constitution by adding section 28, subdivision (f), to article I. That subdivision provides in relevant part: "Any prior felony conviction of any person in

any criminal proceeding . . . shall subsequently be used *without limitation* for purposes of impeachment or enhancement of sentence in any criminal proceeding." (Italics added.) [] [As I explain, the foregoing] language, "without limitation," also evidences voter intent to prohibit any discretion not to use a prior conviction for enhancement. (Cf. *People* v. *Williams, supra,* 30 Cal.3d at pp. 482-484 [no provision of death penalty statute seeks to limit exercise of trial court's power to dismiss allegations].)

[What did the people have in mind when they placed in their Constitution a provision permitting "without limitation" the use of any prior felony conviction for purposes of impeachment or enhancement? The majority recently explained in *People* v. *Castro, supra,* 38 Cal.3d 301, 310, construing this same provision in the context of the use of priors for *impeachment* purposes, that "As the People note, subdivision (f) seems clear and absolute in its language—'any' means 'any' and 'without limitation' means 'without limitation,' leaving no room for an interpretation which would preserve judicial discretion." We observed, however, that the seemingly unambiguous language of subdivision (f) was nonetheless clouded by another constitutional provision (subd. (d)) which appeared to preserve the trial court's general discretion to exclude evidence whose probative value is outweighed by its prejudicial effect (Evid. Code, § 352). We further noted that the available extrinsic evidence (Ballot Pamp., Legislative Analyst's com., Primary Elec. (June 8, 1982)) was not particularly helpful in resolving this ambiguity. (See 38 Cal.3d at pp. 310-312.)

We concluded in *Castro* that "The intention of the drafters of the initiative was to restore trial court discretion as visualized by the Evidence Code and to reject the rigid, black letter rules of exclusion which we had grafted onto the code . . . . The dissatisfaction of the proponents with the appellate courts was expressed in the literature that supported the initiative. It was also expressed in the mandatory nature of the language of the subsections . . . ." (*Id.,* at p. 312.)

Unlike the situation in *Castro,* where seemingly unambiguous constitutional language ("without limitation") nonetheless conflicted with other constitutional language preserving trial court discretion to exclude prejudicial evidence, no such conflict arises here, for the people in adopting Proposition 8 did not purport to preserve or reserve to the trial courts any discretion to strike a prior conviction for enhancement purposes under section 667. Indeed, as I explain hereafter, the people failed to amend the discretionary power provision (§ 1170.1) by adding new section 667 to the list of enhancements subject to discretionary striking. As the Legislative Analyst stated in the comment contained in the ballot pamphlet relied on by the voters in adopting Proposition 8, "[A]ny prior felony conviction could be

used without limitation in calculating longer prison terms." (Ballot Pamp., Legislative Analyst's com., *supra,* p. 55.)

Given the fact, acknowledged by us in *Castro,* that Proposition 8 was inspired at least in part by public dissatisfaction with appellate decisions restricting the use of prior convictions, I conclude that the phrase "without limitation" in subdivision (f) was intended to include our own rule, reaffirmed in *People* v. *Williams, supra,* 30 Cal.3d 470, permitting the trial courts to exercise discretion, under section 1385, to dismiss or strike statutory enhancements unless a contrary intent clearly appears on the face of the legislation. In terms of probable voter awareness, no other "limitation" was as controversial, or as highly publicized, as this one. (See, e.g., *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328].)]

We must also assume that the electorate had in mind existing laws when it enacted section 667. (See *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394].) Section 667.5 authorizes enhancement of sentences for prior separate prison terms served for felonies. The version of section 1170.1 in effect when Proposition 8 was enacted acknowledged the trial court's discretionary power to strike the additional punishment set out in section 667.5 and other sections, but circumscribed that power by permitting its exercise only if the trial court determined that there were mitigating circumstances for striking the punishment, and stated on the record the reasons for its decision. (*People* v. *Johnson* (1979) 95 Cal.App.3d 352, 356 [157 Cal.Rptr. 150]; § 1170.1 [Stats. 1977, ch. 165, § 17, p. 649, renumbered Stats. 1982, ch. 1515, § 1, p. 5876[]].) While the electorate made numerous constitutional and statutory changes with Proposition 8, it did not amend section 1170.1 to add section 667 to the list of additional punishment enhancements which the trial court could strike provided it satisfied section 1170.1. That omission is a clear indication of intent to withhold the power to strike.

Furthermore, we must not engage in statutory construction which would render legislation a nullity (*People* v. *Tanner* [*supra*] 24 Cal.3d 514, 520), and must avoid results which are absurd in light of the legislative purpose. (*Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281].) [As indicated previously, under section 1170.1, the power to strike was limited to situations involving *mitigating circumstances.* No such restriction applies to a dismissal under section 1385 "in furtherance of justice." Accordingly,] were we to construe section 667 as appellant suggests, we would have to conclude that the voters intended the trial court to have *broader* discretion to strike a prior serious felony conviction than it had under existing law to strike a prior for which a separate prison term had been served. Obviously

that result would be irrational given the unmistakable purpose of the initiative.

[] In sum, [I] conclude that the electorate has indicated with sufficient clarity that the mandatory provisions of section 667 are not subject to judicial discretion pursuant to section 1385. [] [End of Court of Appeal opinion.]

The court in *People* v. *Lopez* (1983) 147 Cal.App.3d 162 [195 Cal.Rptr. 27], reached a contrary conclusion based largely upon the "long standing rule of construction that a statute should be interpreted favorably to a defendant." (P. 165.) The general rule to which *Lopez* adverts is that when a penal statute is *reasonably* susceptible of two interpretations, we *ordinarily* will adopt the one favorable to the defendant. (E.g., *People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186], and cases cited.) We have indicated that this rule is founded upon the due process principle that a defendant is entitled to "fair warning" that his act is punishable as a crime. (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].)

In the present case, I believe that *Lopez'* interpretation of section 667 is an unreasonable one, for the several reasons set forth above. In addition, however, I suggest that defendant herein was not entitled to know with absolute certainty whether or not his criminal act would invoke a particular enhanced punishment. Due process may indeed require fair notice that one's conduct is *punishable as a crime* (*Keeler, supra,* 2 Cal.3d at p. 631), and defendant certainly had such prior notice here. Any imprecision in defining the *exact* nature or degree of that punishment should not be deemed constitutionally significant.

I would affirm the judgment.

Mosk, J., concurred.