[No. A033936. First Dist., Div. Two. Oct. 2, 1987.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES LEE HENDERSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of "THE EVIDENCE," and parts I-VI.

**COUNSEL**

John K. Van de Kamp, Attorney General, and Mark S. Howell, Deputy Attorney General, for Plaintiff and Appellant.

Eleanor M. Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

**OPINION**

**ROUSE, Acting P.J.**—Defendant James Henderson appeals from a judgment and conviction imposed after he was tried by a jury and found guilty of robbery, in violation of Penal Code[1] section 211.[2] The People also appeal, contending that the trial court erroneously ruled that defendant's prior conviction of violating section 288a did not constitute a prior serious felony within the meaning of section 667, subdivision (a).

THE EVIDENCE*

. . . . . . . . . . . . . . . . . . . .

---

[1] Unless otherwise indicated, all subsequent statutory references are to the Penal Code.
[2] Defendant also purports to appeal from the verdict, which is nonappealable.
* See footnote, *ante,* page 1235.

## I.-VI.*

. . . . . . . . . . . . . . . . . . . . . . .

### VII. *People's Appeal*

■ As we have previously noted, the People have also appealed, pursuant to section 1238, subdivision (10), which authorizes the People to appeal from the imposition of an unlawful sentence, contending that the trial court was required, but failed, to enhance defendant's sentence by five years based upon his prior conviction for violating section 288a. This question was argued at some length after the jury had returned its verdict convicting defendant of robbery.

Defendant's prior conviction occurred in August 1982 and was for an offense committed on July 15, 1982, after the passage of Proposition 8. On the date when the prior crime was committed, section 288a defined oral copulation, and subdivision (c) of that statute provided, in pertinent part, that any person who participated in an act of oral copulation with another person who was under fourteen years of age and more than ten years younger than he, or when the act was accomplished against the victim's will by means of force, violence, duress, menace or fear, would be punished by three, six or eight years in state prison. At the sentencing hearing in this case and in written briefs filed by the parties prior to that hearing, it was agreed by all concerned that the prior conviction had resulted in defendant's being placed on probation, pursuant to a plea bargain, after pleading guilty to participating in an act of oral copulation with a child under 14 years of age and more than 10 years younger than defendant. There was no mention, in the prior charge or plea, of defendant's having used force, violence, duress, menace or fear.

At all times pertinent to these proceedings, section 667 provided, in pertinent part, that ". . . (a) any person convicted of a serious felony who previously has been convicted of a serious felony. . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction. . . . The terms of the present offense and each enhancement shall run consecutively. [¶] (d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7."

Section 1192.7 also provided, at all pertinent times, that "(c) As used in this section 'serious felony' means any of the following: . . . [¶] (6) lewd acts on a child under the age of 14 years. . . ."

---

* See footnote, *ante,* page 1235.

The Attorney General takes the position on appeal that a prior conviction based upon a specific plea that defendant participated in an act of oral copulation with a child under 14 years of age and more than 10 years younger than he, in violation of section 288a, subdivision (c), necessarily constituted the commission of a "lewd" act on a child within the meaning of section 1192.7, subdivision (c)(6), and therefore required the imposition of a consecutive five-year sentence enhancement for a prior serious felony pursuant to section 667, subdivision (a). We agree and find no merit to defendant's contention on appeal that because section 288a does not specifically characterize the particular conduct to which he pleaded guilty as "lewd," we must give him the benefit of the doubt and assume that it was not. We have no hesitation in holding that such conduct was lewd per se. (See *People v. Deletto* (1983) 147 Cal.App.3d 458, 475 [195 Cal.Rptr. 233], fn. 13; *People v. Cline* (1969) 2 Cal.App.3d 989, 996-997 [83 Cal.Rptr. 246].)

However, defendant does raise one point which has merit. He asserts that the trial court's conduct in imposing the upper term of five years for the current offense of robbery, while declining to rule that defendant's prior 1982 conviction was for a serious offense requiring a five-year enhancement, suggests, at least arguably, that the trial court was of the opinion that the appropriate prison sentence was a total term of five years. Defendant suggests, therefore, that a sentencing remand be ordered to allow for the possibility that the trial court might elect, upon motion by defendant, to strike the prior conviction for enhancement purposes. (See § 1385; *People v. Fritz* (1985) 40 Cal.3d 227, 228-229 [219 Cal.Rptr. 460, 707 P.2d 833].) We agree.

### Disposition

The judgment of conviction is affirmed and the cause remanded for sentencing proceedings consistent with the views expressed herein.

Smith, J., and Benson, J., concurred.