[No. D008585. Fourth Dist., Div. One. Oct. 26, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
GERRY LEE QUILLAR, Defendant and Appellant.

COUNSEL

Jeffrey J. Stuetz and Linda A. Ludwig, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

WIENER, J.—Gerry Lee Quillar entered a guilty plea to robbery (Pen. Code, § 211)[1] and admitted a prior serious felony conviction (§ 667(a)). The court sentenced him to prison for eight years: the middle term of three years for robbery enhanced by five years for the prior conviction. Quillar appeals. We conclude the court did not err in refusing to refer Quillar to a narcotic rehabilitation program under Welfare and Institutions Code section 3051.[2] We therefore affirm the judgment.

▮ Quillar argues the court abused its discretion in refusing to refer him to the California Rehabilitation Center (CRC). In making this argument Quillar recognizes he has a difficult task to convince us.

---

[1] All statutory references are to the Penal Code unless otherwise specified. For convenience we will not repeat the word "subdivision" when referring to any of the statutory subparts.

[2] Welfare and Institutions Code section 3051 provides in part: "Upon conviction of a defendant for any crime in any superior court . . . and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section."

The first obstacle he must overcome is the absolute bar of Welfare and Institutions Code section 3052(a)(2)[3] which expressly precludes commitments to CRC of persons whose convictions result in a term of imprisonment in excess of six years. Quillar attempts to leap this barrier by saying the court could have reduced his sentence to less than six years by merely striking the enhancement pursuant to its power under section 1385(a).[4] Quillar again recognizes, however, the seeming imperviousness of section 1385(b) which states: "This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." Section 1385(b) was enacted effective May 6, 1986, in prompt response to the California Supreme Court's decision in *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833] upholding a court's power under section 1385 to strike a prior felony conviction. The Legislature wanted to make sure that judicial power under section 1385 did not extend to eliminate the sentencing effect of prior convictions of serious felonies. Quillar assures us that the clear legislative intent of section 1385(b) is not frustrated here in light of certain language in the relevant statutes. His argument is as follows.

Section 1385(b) provides: "This section does not authorize a judge to strike any prior conviction of a serious felony *for purposes of enhancement of a sentence* under Section 667." (Italics added.) In turn, section 667(a) provides in relevant part: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." Subdivision (b) of section 667 provides in relevant part: "This section shall not be applied *when the punishment imposed* under other provisions of law would result in a longer term of imprisonment." (Italics added.)

According to Quillar these sections when construed together mean that the prohibition which prevents the striking of section 667 enhancements under section 1385 applies only in cases where the defendant is actually sentenced to prison on the underlying offense for purposes of punishment.

---

[3] Welfare and Institutions Code section 3052 provides in part: "(a) Section . . . 3051 shall not apply to . . . :

" . . . . . . . . . . . . . . . . . .

"(2) . . . persons whose conviction results in a sentence which, in the aggregate, exclusive of any credit that may be earned . . . , exceeds six years' imprisonment in state prison . . ."

[4] Section 1385(a) provides in part: "The judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . ."

" 'Enhancement' means an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 405(c).) Thus, based on the foregoing Quillar contends a court has power to strike a section 667 enhancement for purposes of *rehabilitation,* and to make a narcotic addict available for CRC eligibility. Quillar emphasizes the correctness of his argument by explaining that rehabilitation, not punishment, is the goal of the CRC commitment under Welfare and Institutions Code section 3000. That section expressly states that the addicted person or person in imminent danger of becoming addicted "shall be treated for such condition and its underlying causes, and that such treatment shall be carried out for nonpunitive purposes . . . ."

We are unconvinced. We believe Quillar's argument unduly emphasizes differences in the language of the respective statutes in circumstances where the differences are linguistic only. While we are aware of the Legislature's sensitivity to language and the definitional nuances which may be associated with its use of different words there is nothing in the legislative history of the foregoing statutes which suggests the Legislature intended judicial discretion remained to strike a prior serious felony when the defendant was an addict or in imminent danger of becoming one. Moreover, even the literal language of the statutes fails to support Quillar's argument.

Welfare and Institutions Code section 3051 provides that when the court determines that a CRC commitment is appropriate it "shall suspend the execution of the sentence." Obviously before a court can suspend the execution of a sentence, the sentence must be imposed. Welfare and Institutions Code section 3052(a)(2) refers to persons whose convictions result in a sentence which results in the "aggregate" to a term of imprisonment in excess of six years. By definition an "aggregate sentence" under section 1170.1 includes "any additional term imposed pursuant to Section 667 . . . ." (§ 1170.1(a).) Therefore the sentence contemplated by Welfare and Institutions Code section 3052(a)(2) is the sentence imposed by the court including the section 667 enhancement. Complying with the statutory mandate here the court was required to impose an aggregate sentence including the enhancement pursuant to section 667. Once it did so it was then precluded under section 1385(b) from striking the section 667 enhancement. Therefore Quillar was ineligible for commitment to CRC under Welfare and Institutions Code section 3052(a)(2). The court did not err.

## DISPOSITION

Judgment affirmed.

Kremer, P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 14, 1990.