Filed 4/30/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Appellant, | G048563 |
|       v. | (Super. Ct. No. 13NF0928) |
| ALEXIS ALEJANDRO FUENTES, | O P I N I O N |
|    Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Nicholas S. Thompson, Judge. Affirmed and remanded with directions. Request for judicial notice. Denied.

Tony Rackauckas, District Attorney, and David R. Gallivan, Deputy District Attorney, for Plaintiff and Appellant.

Frank Ospino, Public Defender, Jean Wilkinson, Chief Deputy Public Defender, Mark S. Brown, Assistant Public Defender, and Miles David Jessup, Deputy Public Defender, for Defendant and Respondent.

## INTRODUCTION

The trial court dismissed an enhancement alleged under Penal Code section 186.22, subdivision (b)[1] (section 186.22(b)) against defendant Alexis Alejandro Fuentes.  The court ordered the enhancement dismissed pursuant to section 1385, subdivision (a) (section 1385(a)), which grants a trial court power to dismiss or strike an action, including specific charges and enhancement allegations.  The Orange County District Attorney (the District Attorney) challenges the order dismissing the enhancement on the ground that under section 186.22, subdivision (g) (section 186.22(g)), the trial court had the power only to strike the additional punishment for the enhancement.

Section 186.22(g) gives the trial court the power, "[n]otwithstanding any other law," to strike the additional punishment for an enhancement alleged under section 186.22(b).  The issue presented by this case is whether, by enacting section 186.22(g), the Legislature eliminated the trial court's power under section 1385(a) to dismiss or strike an enhancement alleged under section 186.22(b).

We conclude the enactment of section 186.22(g) did not eliminate the trial court's power to dismiss or strike an enhancement alleged under section 186.22(b).  The phrase "[n]otwithstanding any other law" in section 186.22(g) means that section governs over all conflicting, contrary, or inconsistent law.  The power to dismiss or strike an enhancement alleged under section 186.22(b) is not in conflict with, contrary to, or inconsistent with the power to strike the additional punishment under section 186.22(g).  An enhancement allegation is different from the additional punishment imposed when the allegation is found to be true.  Thus, the phrase "[n]otwithstanding any other law" in section 186.22(g) does not constitute a clear direction that the Legislature intended to eliminate a trial court's power under section 1385(a) to dismiss or strike an enhancement alleged pursuant to section 186.22(b).

---

[1] All code references are to the Penal Code unless otherwise indicated.

The trial court did not, however, state its reasons for dismissing the enhancement allegation in an order entered in the minutes, as required by section 1385(a). We therefore remand to permit the trial court to comply with section 1385(a). In all other respects, the order is affirmed.

## BACKGROUND

By complaint filed in March 2013, the District Attorney charged Fuentes with one count (count 1) of unlawful taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a), and one count (count 2) of receiving stolen property in violation of Penal Code section 496d, subdivision (a). The complaint alleged as an enhancement pursuant to section 186.22(b) that Fuentes committed the offenses charged in counts 1 and 2 "for the benefit of, at the direction of, and in association with . . . a criminal street gang, with the specific intent to promote, further, and assist in criminal conduct by members of that gang."

As part of an agreement, Fuentes pleaded guilty to counts 1 and 2. He offered the following as the factual basis for the plea: "[O]n 3-14-13 I willfully took a car with the intent to deprive the owner of it and without consent of the owner. I was also in possession of such vehicle."

Over the District Attorney's objection, the trial court granted a defense motion to dismiss, pursuant to section 1385(a), the enhancement alleged under section 186.22(b). The court orally stated its reasons for dismissing the enhancement allegation; however, those reasons do not appear in the court minutes. Fuentes moved to withdraw his not guilty plea to counts 1 and 2 and pleaded guilty. The court pronounced judgment and placed Fuentes on three years of formal probation with terms and conditions.

The District Attorney timely appealed from the dismissal of the enhancement alleged under section 186.22(b). The order dismissing the enhancement is appealable under section 1238, subdivision (a)(1) and (8).

3

## DISCUSSION

## I.

## Standard of Review

A trial court's decision to dismiss or strike an allegation under section 1385(a) is reviewed under the abuse of discretion standard. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531 (*Romero*).) In applying the abuse of discretion standard, we determine whether the trial court's findings of fact are supported by substantial evidence. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711.) We review conclusions of law de novo (*id.* at pp. 711-712) and "a disposition that rests on an error of law constitutes an abuse of discretion" (*In re Charlisse C.* (2008) 45 Cal.4th 145, 159). The trial court's application of the law to the facts "is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court*, *supra*, at p. 712.)

Although the decision whether to dismiss or strike an enhancement allegation is discretionary, the issue presented here—whether the trial court had the power under section 1385(a) to dismiss the enhancement allegation—is purely legal. The facts are undisputed and the interpretation of statutes is subject to de novo review. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.)

## II.

## The Trial Court Had the Power Under Section 1385(a) to Dismiss the Gang Enhancement Allegation.

A. *A Trial Court's Power Under Section 1385(a)*

Section 1385(a) reads: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in

4

an order entered upon the minutes.  No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

The word "action" in section 1385(a) means "'individual charges and allegations in a criminal action.'"  (*In re Varnell* (2003) 30 Cal.4th 1132, 1137.)  The authority to dismiss an action under section 1385(a) includes the authority to strike factual allegations relevant to sentencing.  (*Romero*, *supra*, 13 Cal.4th at p. 504.)

The Legislature may eliminate a court's power under section 1385(a); however, "we will not interpret a statute as eliminating courts' power under section 1385 'absent a clear legislative direction to the contrary.'"  (*Romero*, *supra*, 13 Cal.4th at p. 518; see *People v. Fritz* (1985) 40 Cal.3d 227, 230 [requiring "clear language eliminating a trial court's section 1385 authority whenever such elimination is intended"].)  The Legislature need not expressly refer to section 1385(a) to provide such clear legislative direction.  (*Romero*, *supra*, at p. 518.)

B.  *The Meaning of "Notwithstanding Any Other Law" in Section 186.22(g)*

Section 186.22(g) states:  "Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition."  The District Attorney argues the phrase "[n]otwithstanding any other law" is the Legislature's clear direction to eliminate the trial court's power under section 1385(a) to dismiss or strike enhancement allegations made pursuant to section 186.22(b).

The word "notwithstanding" is defined as "without prevention or obstruction from or by : in spite of" (Webster's 3d New Internat. Dict. (2002) p. 1545, col. 3) or, more simply, as "despite" (Merriam-Webster's Collegiate Dict. (11th ed. 2004)

5

p. 848, col. 2, capitalization omitted).  The latter dictionary gives this usage example:  "[Notwithstanding] their inexperience, they were an immediate success." (Merriam-Webster's Collegiate Dict., *supra*, at p. 848, col. 2.)

"The statutory phrase 'notwithstanding any other law' has been called a '"term of art"' [citation] that declares the legislative intent to override all *contrary* law. [Citation]." (*Klajic v. Castaic Lake Water Agency* (2004) 121 Cal.App.4th 5, 13, italics added.)  "When the Legislature intends for a statute to prevail over all *contrary* law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law.'" (*In re Greg F.* (2012) 55 Cal.4th 393, 406, italics added; see *Arias v. Superior Court* (2009) 46 Cal.4th 969, 983 ["Thus, by virtue of [Labor Code section 2699,] subdivision (a)'s 'notwithstanding' clause, only those provisions of law that *conflict with* the act's provisions—not, as defendants contend, every provision of law—are inapplicable to actions brought under the act" (italics added)].)

In *Romero*, *supra*, 13 Cal.4th at page 524, the court stated:  "The phrase '[n]otwithstanding any other law' can also be found at the beginning of subdivisions (c) and (d) of section 667.  The former subdivision addresses sentencing, and the latter defines 'prior conviction of a felony.'  Neither subdivision imposes a command that is necessarily *inconsistent* with the court's power to strike under section 1385." (Italics added.)

Under these California Supreme Court authorities, the phrase "[n]otwithstanding any other law" in section 186.22(g) means the trial court's power to dismiss or strike additional punishment for the enhancement governs over, overrides, or displaces only contrary (*In re Greg F.*, *supra*, 55 Cal.4th at p. 406), conflicting (*Arias v. Superior Court*, *supra*, 46 Cal.4th at p. 983), or inconsistent (*Romero*, *supra*, 13 Cal.4th at p. 524) law.

6

This interpretation is consistent with other statutory provisions limiting the trial court's power under section 1385(a). When the Legislature has intended to eliminate the trial court's section 1385(a) power to dismiss or strike an enhancement allegation, it has done so directly and by using the word "notwithstanding" to juxtapose inconsistent propositions. Examples are:

1. Section 667.61, subdivision (g): "Notwithstanding Section 1385 or any other provision of law, the court shall not strike any allegation, admission, or finding of any of the circumstances specified in subdivision (d) or (e) for any person who is subject to punishment under this section."

2. Section 667.71, subdivision (d): "Notwithstanding Section 1385 or any other provision of law, the court shall not strike any allegation, admission, or finding of any prior conviction specified in subdivision (c) for any person who is subject to punishment under this section."

3. Section 12022.5, subdivision (c): "Notwithstanding Section 1385 or any other provisions of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section."

4. Section 12022.53, subdivision (h): "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section."

In each of these examples, the statutory provision prohibiting the trial court from dismissing or striking the enhancement allegation is contrary to, in conflict with, or inconsistent with the court's power granted by section 1385(a).

C. *Section 186.22(g) Is Not Contrary to, in Conflict with, or Inconsistent with Section 1385(a).*

Is section 186.22(g) contrary to, in conflict with, or inconsistent with section 1385(a)? No. Section 1385(a) gives the trial court power to dismiss or strike

7

allegations, including enhancement allegations.  Section 186.22(g) gives the trial court power to strike the additional punishment.  Dismissing or striking an enhancement allegation and striking the additional punishment when the enhancement allegation is found to be true are two different things.  (See *In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444 ["Having decided to afford leniency in this case, the sentencing court had two options.  It could either strike the enhancement allegation in its entirety or strike the additional three-year punishment for the enhancement"].)  This distinction between dismissing or striking the enhancement allegation and striking the additional punishment is recognized in section 1385 itself.  Subdivision (c)(1) of section 1385 states:  "If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)."

The trial court's power to dismiss or strike enhancement allegations is not contrary to, in conflict with, or inconsistent with the court's power to strike the additional punishment for the enhancement.  Use of the phrase "[n]otwithstanding any other law" in section 186.22(g), therefore, does not constitute "clear language" (*People v. Fritz*, *supra*, 40 Cal.3d at p. 230) signaling the Legislature's intent to eliminate a trial court's section 1385(a) authority to strike an enhancement alleged pursuant to section 186.22(b).

D.  *Section 1385, Subdivision (c)(1)*

As we have explained, subdivision (c)(1) of section 1385 gives a trial court the power to strike the additional punishment for an enhancement if the court has the power to dismiss or strike an enhancement under section 1385(a).  While our reading of section 186.22(g) might appear to make it redundant of subdivision (c)(1) of section 1385, legislative history shows otherwise.  Section 1385 was enacted in 1872.  (*People v. Bonnetta* (2009) 46 Cal.4th 143, 148.)  Subdivision (c) of section 1385 was not enacted until 2000 and was added by Statutes 2000, chapter 689, section 3, enacting

8

Assembly Bill No. 1808 (1999-2000 Reg. Sess.). (Historical and Statutory Notes, 51A pt. 1 West's Ann. Pen. Code (2011 ed.) foll. § 1385, p. 287.) Section 186.22(g) was enacted as part of the original legislation in 1989 and initially was codified as section 186.22, subdivision (d). (Stats. 1989, ch. 930, § 5.1, pp. 3253-3254; 47 West's Ann. Pen. Code (1999 ed.) amend. history foll. § 186.22, p. 465.)

Thus, when section 186.22 was enacted, section 1385 did not include subdivision (c) and did not give the trial court authority to strike the additional punishment for the enhancement. Section 186.22(g) (initially codified as section 186.22, subdivision (d)) complemented, rather than displaced, section 1385(a) by granting the trial court such additional power.

E. People v. Campos

The District Attorney urges us to follow *People v. Campos* (2011) 196 Cal.App.4th 438, 450 (*Campos*), in which the Court of Appeal held that section 1385(a) did not authorize the trial court to refuse to impose the alternate penalty imposed by section 186.22(b)(5). *Campos* was not cited to the trial court in this case.

The trial court in *Campos* sentenced the defendant to a prison term of seven years to life on an attempted murder count, struck various enhancement allegations, and stayed execution of the punishment prescribed by section 186.22(b)(5). (*Campos*, *supra*, 196 Cal.App.4th at pp. 446-447.) The Court of Appeal concluded the sentence on one of the attempted murder counts was unauthorized. (*Id.* at p. 447.) Because the jury had found gang allegations under section 186.22(b) to be true, section 186.22(b)(5) applied and imposed a minimum sentence of 15 years before consideration of parole. (*Campos*, *supra*, at p. 447.)

The defendant in *Campos* argued the trial court had discretion under sections 186.22(g) and 1385(a) to dismiss or strike the gang allegations and refuse to impose the alternate punishment prescribed by section 186.22(b)(5). (*Campos*, *supra*,

9

196 Cal.App.4th at p. 448.)  The Court of Appeal rejected that argument on two alternate grounds.  First, the Court of Appeal concluded section 186.22(g) did not apply to section 186.22(b)(5) because the penalty imposed by the latter section was not a sentence enhancement but an alternate penalty provision imposing a minimum prison term. (*Campos*, *supra*, at pp. 448-449.)  In contrast, the penalties prescribed by section 186.22(b)(1) added terms of two, three, four, five, or 10 years to the prison term for the underlying felony.  (*Campos*, *supra*, at p. 448.)

Second, the Court of Appeal held section 1385(a) did not give the trial court power to refuse to impose the penalty prescribed by section 186.22(b)(5). (*Campos*, *supra*, 196 Cal.App.4th at pp. 450-451.)  The court reasoned the term "[n]otwithstanding any other law" in section 186.22(g) manifested the Legislature's intent to preclude operation of section 1385(a).  (*Campos*, *supra*, at p. 452.)  The *Campos* court explained:  "Use of the phrase '[n]otwithstanding any other law' in section 186.22, subdivision (g) therefore indicates that courts are to apply *that statute*—and *not* any other potentially applicable statute, such as section 1385, subdivision (a)—when considering whether to exercise the powers granted by that statute."  (*Ibid.*)  The court also reasoned that section 186.22(g), the more specific and later-enacted statute, prevailed over section 1385(a), the more general and earlier-enacted statute, and that use of section 1385(a) to dismiss or strike gang allegations or enhancements would render section 186.22(g) "'redundant and unnecessary.'"  (*Campos*, *supra*, at pp. 453-454.)

The *Campos* court concluded:  "In sum, we hold that the existence and language of section 186.22, subdivision (g) provide 'clear legislative direction' [citation] that courts are to apply that statute—and not section 1385, subdivision (a)—in gang cases when considering whether to dismiss or strike allegations or enhancements or to refuse to impose alternate penalties."  (*Campos*, *supra*, 196 Cal.App.4th at p. 454.)

We are not bound by *Campos* (*Sarti v. Salt Creek Ltd.* (2008) 167 Cal.App.4th 1187, 1193 ["there is no horizontal stare decisis in the California Court of

10

Appeal"]), and fundamentally differ from *Campos* in its interpretation of the word "notwithstanding." The Court of Appeal in *Campos* interpreted "notwithstanding," in effect, as a word of preemption; that is, the phrase "[n]otwithstanding any other law" in section 186.22(g) means courts are to apply that statute to the exclusion of all other potentially applicable statutes. But California Supreme Court authority defines "notwithstanding" as meaning a statute prevails over conflicting, contrary, or inconsistent law, not all law. In *Arias v. Superior Court*, *supra*, 46 Cal.4th at page 983, the Supreme Court stated: "Thus, by virtue of [Labor Code section 2699,] subdivision (a)'s 'notwithstanding' clause, only those provisions of law that *conflict* with the act's provisions—not, as defendants contend, every provision of law—are inapplicable to actions brought under the act." (Italics added; see *In re Greg F.*, *supra*, 55 Cal.4th at p. 406 ["contrary" law]; *Romero*, *supra*, 13 Cal.4th at p. 524 ["inconsistent" law].) This interpretation is in keeping with the standard definition of "notwithstanding" to mean "despite" and with its use in other statutes limiting the trial court's power under section 1385(a).

We also part ways with the *Campos* court in its conclusion that section 186.22(g) would be redundant or unnecessary if section 1385(a) gave the trial court power to dismiss or strike gang enhancement allegations. As we have explained, there is a difference between dismissing or striking the enhancement allegation and striking the additional punishment for that allegation. The grant of power under section 1385(a) to dismiss or strike the enhancement allegation would not also grant the trial court power to strike the additional punishment. This is shown by the fact section 1385, subdivision (c)(1) was enacted in 2000, over 125 years after the enactment of section 1385, to grant the trial courts such power. Section 186.22(g) is not redundant because it was enacted before section 1385, subdivision (c)(1).

11

## III.

### Remand Is Necessary Because the Trial Court Did Not State Its Reasons in an Order Entered upon the Minutes.

Section 1385(a) states, "[t]he reasons for the dismissal must be set forth in an order entered upon the minutes." That was not done in this case. The trial court stated on the record its reasons for dismissing the gang enhancement allegation, but that does not suffice, and "a reporter's transcript showing the trial court's motivation is not enough" (*People v. Bonnetta*, *supra*, 46 Cal.4th at p. 149). The remedy is to remand the matter for the purpose of allowing the trial court to correct the defect by setting forth its reasons in a written order entered upon the minutes. (*Id*. at p. 153.)

## IV.

### The Request for Judicial Notice is Denied.

Fuentes argues the District Attorney's conduct in the final resolution of this case as part of a settlement of another prosecution constitutes a waiver of this appeal. In support of this argument, Fuentes requests that we take judicial notice of the trial court's minutes on September 25, 2013 in this case and the trial court's minutes on the same date in Orange County Superior Court case No. 13NF2463. We deny the request for judicial notice because Fuentes did not file a motion for judicial notice as required by California Rules of Court, rule 8.252(a). (See *United Teachers of Los Angeles v. Los Angeles Unified School Dist.* (2012) 54 Cal.4th 504, 528.) Because we deny judicial notice, and in light of our conclusion reached in part II. of the Discussion, we do not address the waiver argument.

12

## DISPOSITION

Because the trial court failed to state its reasons for dismissing the gang enhancement allegation in a written order entered upon the minutes, we remand to give the trial court the opportunity to comply with section 1385(a).  In all other respects, the order is affirmed.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.

13