Filed 12/3/25  Sornborger v. Kempkes CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| GARY SORNBORGER,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL KEMPKES et al.,<br><br>    Defendants and Appellants. | 2d Civ. No. B345849<br>(Super. Ct. No. 56-2022-00570578-CU-OR-VTA)<br>(Ventura County) |

The trial court issued a temporary order allowing respondent's agents to enter appellants' property to install helical piles to stabilize the foundation on respondent's property.  We affirm.

## FACTS

Gary Sornborger and Michael and Jeanette Kempkes (collectively Kempkes) own neighboring residential units in a planned unit development.  The units are detached, but very close.  In fact, so close they are encumbered by the following reciprocal easement:

"An Owner shall permit the Owner or Owners of an adjoining Lot or Lots, or his or their representatives to enter upon his Lot for the purpose of repairing and/or maintaining the exterior walls of his or their residential structures, provided, that request for entry is reasonably made in advance and that such entry is made at a time reasonably convenient to the Owner. In case of an emergency, such right of entry shall be immediate."

All is not well between the neighbors. A dispute arose over Sornborger's right of access over the easement, as well as other matters.

In April 2023, the parties stipulated to a preliminary injunction (hereafter stipulated order). The trial court ordered Kempkes to allow Sornborger access over the easement to repair or maintain the exterior walls, subject to certain notice requirements. The stipulated order allowed the parties to seek ex parte relief for any alleged violation of the order.

Sometime thereafter Sornborger noticed the foundation under his unit was slipping. In spite of the stipulated order, Sornborger was required to obtain a supplemental order simply to allow access for his experts to inspect the damage. Experts recommended the installation of helical piles. The piles would slant down at a five-degree angle under the foundation footing of Sornborger's unit  The top of the piles would slant a maximum of five and one-half inches away from the footing and would be covered by 12 inches of soil. A diagram is attached as appendix A. Kempkes refused Sornborger access over the easement to install the piles.

In April 2025, Sornborger moved for a modification of the stipulated order to allow access over the easement for the purpose of installing the helical piles.

In granting the motion, the trial court found:

"Plaintiff has shown that significant, irreparable harm will occur if the piles are not installed as soon as possible. Plaintiff was able to perform the inspections allowed by the prior modifications. The inspections disclosed that Plaintiff's foundation is noticeably sinking at a rapid rate. Recently, Plaintiff observed sinking of about 1/16th of an inch over a three-week period. The house is already over 1.5 inches unlevel. The kitchen floor is buckling. Plaintiff's elderly mother cannot safely enter the kitchen due to the tripping hazard caused by the buckling of the floor. Plaintiff's new roof is cracking and leaking due to the shifting foundation. Plaintiff submits multiple declarations, including declarations from a civil engineer and the roofing contractor, to support his motion. The engineer's reports contain a detailed explanation and photographs of significant foundation settling and resulting structural damage. . . . This evidence demonstrates that Plaintiff is urgently in need of foundation repair. The same evidence also shows that the engineer recommends the sought-after helical piles in order to repair the foundation. These repairs cannot wait until after the Court trial in August 2025."

The trial court found there is no credible evidence of significant harm to Kempkes.

## DISCUSSION

This appeal seems intended to harass Sornborger and delay necessary repairs to his property. Sornborger was required to obtain a previous order simply to allow professionals to inspect his property for the purpose of devising a remedy. Given the original stipulated order, Kempkes had no basis for forcing Sornborger to go through the trouble and expense of obtaining

3.

two subsequent orders.  A brief discussion of the issues raised on appeal will be sufficient.

*Procedure*

Kempkes contends the trial court had no jurisdiction to issue a permanent injunction at a law and motion proceeding. Kempkes believes he is entitled to a trial.  The contention has two fatal flaws.

First, Kempkes cites many authorities, but none of them are on point.  The matter may have been on the law and motion calendar, but Kempkes received a hearing at which both parties produced evidence, albeit in writing.  The trial court based its order on the evidence produced at the hearing.  The stipulated order expressly reserved the right to seek ex parte relief for alleged violations.  Second, Sornborger did not seek and the trial court did not grant a permanent injunction.  The stipulated order allowed temporary access to install the piles.

*Balance of Interests*

Kempkes contends the trial court did not properly balance the interests of the parties.

In granting a preliminary injunction, the court must balance the harm plaintiff is likely to sustain if the injunction is denied against the harm the defendant is likely to sustain if the injunction is granted.  (*Cohen v. Board of Supervisors* (1985) 40 Cal.3d 227, 286.)  Here the trial court found that Sornborger will suffer significant irreparable harm if the piles are not installed as soon as possible and that there is no credible evidence of harm to Kempkes.  The court properly balanced the interests of the parties.

Kempkes claims the trial court failed to consider that the top of the piles will encroach five and one-half inches onto his

4.

land.  Kempkes cites no evidence that he owns the land within five and one-half inches of the footings of Sornborger's unit. Kempkes claims that Sornborger's experts admitted the piles would encroach on their land.  But Sornborger's experts were simply describing the work necessary to stabilize the foundation. They were not purporting to be experts on land boundaries or to give an expert opinion on who owns the land.  Assuming Kempkes does own the land, it is subject to an easement for the maintenance of the exterior walls.  The piles are necessary for the maintenance of the exterior walls.  Kempkes cites no authority requiring Sornborger to pay for the use of the easement.

Nor is Sornborger required to use a different method of stabilizing his foundation.  The trial court found that the method chosen by Sornborger will do no harm to Kempkes.

## DISPOSITION

The judgment (order) is affirmed.  Costs are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.        CODY, J.

Carla J. Ortega, Judge

Superior Court County of Ventura

_____

Law Offices of Michael C. Murphy, Michael C. Murphy and Michael C. Murphy, Jr. for Defendants and Appellants.

Law Office of Steven A. Simons, Steven A. Simons; Robert A. Wiener for Plaintiff and Respondent.

(EXISTING) IRRIGATION VALVES/ PIPES/HEADS

(EXISTING) WALKWAY

(EXISTING) PLASTER FINISH WITH WEEP SCREED

TOP OF PILE TO BE LOCATED FULLY UNDERGROUND, WITH 12" SOIL COVER MIN.

SLOPE

1'-0"

5-3/2"

BACK-FILLED SOIL (SHOWN WITH DIAGONAL HATCH) TO BE MIN. AMOUNT NECESSARY TO INSTALL PIER (12" MIN.)

MODEL TAB-LUB LARGE UTILITY BRACKET

(EXISTING) 6" AVG. CONCRETE SPILLAGE FROM FOOTING

ANCHORAGE PER MANUF. RECOMMENDATIONS

PILE EXTENSION(S)

5° TILT

PILE LEAD SECTION WITH ONE OR MORE HELICAL FLIGHTS

LOAD BEARING SOIL STRATUM

TYPICAL PILE SECTION DETAIL (PROPOSED)
SCALE: 1/2" = 1'-0"        03.22.25



0        1'        2'

**[Helical pile placement at concrete footing outlined in red]**

APPENDIX A

7.