Opinion
 

 HASTINGS, J.
 

 This petition for a writ of habeas corpus challenges the constitutionality of section 11550 of the Health and Safety Code on various grounds. The petition was initially filed in the Supreme Court which issued an order to show cause returnable before this court.
 

 . Petitioner was sentenced to serve one year in county jail following her conviction of violating section 11550, the maximum sentence under the
 
 *927
 
 statute.
 
 [1]
 
 She contends that both the one year maximum sentence and the mandatory minimum sentence of 90 days in jail called for by the statute violate the constitutional prohibition against cruel and unusual punishment. She also contends that the inclusion of certain drugs within the proscription of section 11550 and the exclusion of others which petitioner deems more or equally dangerous infringes the constitutional guarantee of equal protection.
 

 Initially we note that petitioner failed to appeal her conviction and has by now completed serving her sentence. The People do not contend that either of these factors creates an impediment to our deciding the issues raised by the petition on their merits. When a pending case presents an issue of broad public interest which is likely to recur, the court may decide the issue even though an event occurring during the pendency of the action renders it technically moot as to the litigants.
 
 (In re William M„
 
 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].) Furthermore, when the Supreme Court, in response to a habeas corpus petition, issues an order to show cause returnable before a lower court, the lower court must decide the issues before it on their merits. Issuance of the order to show cause represents a preliminary determination by the Supreme Court that the petitioner has stated sufficient facts to justify relief by way of habeas corpus. It is not, however, the equivalent of a final appellate decision on questions of law, nor does it constitute law of the case.
 
 (In re Hochberg,
 
 2 Cal.3d 870, 875-876, fn. 4 [87 Cal.Rptr. 681, 471 P.2d 1].) We therefore proceed to a consideration on the merits of the issues raised by petitioner.
 

 Her challenge to the mandatory 90-day minimum sentence called for by the statute requires little discussion. In the first place, petitioner lacks standing to challenge the provision since it was not invoked as to her. In the second place, the validity of the 90-day minimum sentence has
 
 *928
 
 twice recently been upheld in opinions which thoroughly considered the constitutional argument.
 
 (Smith
 
 v.
 
 Municipal Court,
 
 78 Cal.App.3d 592 [144 Cal.Rptr. 504];
 
 Bosco
 
 v.
 
 Justice Court,
 
 77 Cal.App.3d 179 [143 Cal.Rptr. 468].)
 

 In the course of deciding that the mandatory minimum sentence was constitutional, the court in
 
 Smith
 
 v.
 
 Municipal Court, supra,
 
 78 Cal.App.3d 592, 598, declared that the one year maximum sentence was “obviously constitutional.” The statement is merely dictum, but we happen to agree with it.
 

 Defining crime and determining punishment are uniquely legislative functions.
 
 (People
 
 v.
 
 Wingo,
 
 14 Cal.3d 169, 174 [121 Cal.Rptr. 97, 534 P.2d 1001].) A defendant who challenges a penalty as cruel or unusual bears the burden of establishing that the penalty “. . . is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.”
 
 (In re Lynch,
 
 8 Cal.3d 410, 424, fn. omitted [105 Cal.Rptr. 217, 503 P.2d 921].) Unless this standard is met and unconstitutionality appears, clearly, positively, and unmistakably
 
 (In re Dennis M.,
 
 70 Cal.2d 444, 453 [75 Cal.Rptr. 1, 450 P.2d 296]), the courts will not tamper with the legislative directive.
 

 The Supreme Court, in
 
 In re Lynch, supra;
 
 8 Cal.3d 410, developed a three-part analysis to assess the validity of a criminal penalty challenged as cruel and unusual. The analysis consists of: (1) an examination of “. . . the nature of the offense and/or the offender, with particular regard to the degree of danger both present to society” (8 Cal.3d at p. 425); (2) a comparison of the challenged penalty with the punishments prescribed in this jurisdiction for other, more serious offenses (8 Cal.3d at p. 426); and (3) a comparison of the challenged penalty with those prescribed in other jurisdictions for the same offense (8 Cal.3d at p. 427). Before embarking upon this analysis with respect to the subject statute we must note that it is well established that the state may punish the use of dangerous or addictive substances, even though it cannot punish the status of addiction.
 
 (In re Foss,
 
 10 Cal.3d 910, 921 [112 Cal.Rptr. 649, 519 P.2d 1073].) Given this premise, the Legislature must have sufficient discretion to fashion, within constitutional limits, a punishment severe enough to act as a deterrent to the commission of the offense, and consideration of the penological purpose of the statute is a relevant factor in the
 
 Lynch
 
 analysis.
 
 (In re Foss, supra,
 
 10 Cal.3d 910, 919-920.)
 

 
 *929
 
 Petitioner’s claim for relief based upon the first element of the
 
 Lynch
 
 analysis focuses on the fact that she is a nonviolent offender, guilty of a nonviolent, victimless offense. As such, she claims, the danger posed to society by her behavior is minimal. Viewing petitioner and her conduct in isolation, the danger which they pose to society may indeed be minimal. The Legislature did not enact the statute, however, to cover isolated instances of drug use. The statute is part of an overall legislative scheme to control the illicit sale, possession and use of certain dangerous and/or addictive substances. The magnitude of the problem posed by such substances may be judicially noted. Whether by virtue of the fact that users of such drugs cannot behave in a socially responsible fashion while under their influence, or that a sizeable proportion of such users support their habits through illegal means, the offense proscribed by section 11550, cannot be regarded as having a de minimus impact upon society. Surely if the severity of the offense justifies imposition of a mandatory minimum 90-day sentence, the option of a maximum one year sentence neither “shocks the conscience” nor “offends fundamental notions of human dignity.”
 

 It is, of course true, that a penalty constitutional on its face, may be unconstitutional if applied to a particular defendant.
 
 (People
 
 v.
 
 Wingo, supra,
 
 14 Cal.3d 169, 180-182.) Petitioner has failed to demonstrate that imposition of the maximum penalty is unconstitutional as applied to her. She does not claim to be a first time offender. She has not supplied this court with a copy of the probation report, although the record indicates that one was prepared. The arrest report
 
 [2]
 
 indicates that petitioner had tracks on her arm, old scar tissue and six recent puncture wounds. There is no evidence in the record that petitioner sought or was eligible for commitment as an addict. (Welf. & Inst. Code, § 3051 et seq.) Based on the limited record before us, there is nothing to indicate that the trial court abused its discretion in imposing the maximum allowable sentence on petitioner.
 

 With respect to the second element of the
 
 Lynch
 
 analysis—comparison of the subject penalty with others allowed in California for more serious offenses—petitioner places her principal reliance on the fact that section 23105 of the Vehicle Code imposes a maximum penalty of six months in jail for driving under the influence of any drug. Again petitioner is attempting to minimize the seriousness of her offense by isolating section 11550 from the context in which it was enacted. Unlike Health and Safety
 
 *930
 
 Code section 11550, Vehicle Code section 23105 was enacted as part of the scheme for regulating vehicular traffic, not drug traffic. It prohibits driving under the influence of any drug whether or not the drug was legally obtained or administered.
 

 Assuming a hypothetical of two individuals in a car, both under the influence of drugs, the driver obviously poses a more serious and immediate threat to society than does the passenger. But the existence of Vehicle Code section 23105 does not preclude prosecution of the driver under Health and Safety Code section 11550 if the People can prove that he was driving under the influence of a drug whose use was prohibited under the latter statute. The overall determination of whether the illicit use and dissemination of drugs pose a greater threat to society than do intoxicated drivers in general, is a political, not a constitutional, question.
 

 Petitioner also cites Penal Code section 647, subdivision (f), as an example of an equally serious offense which carries the lesser maximum penalty of six months in jail. Here again the statute used for purposes of comparison focuses on the physical effects of drug usage, not on the source of specific drugs. It is the latter factor which legitimately enables the Legislature to fix a higher penalty for violation of Health and Safety Code section 11550 than for public intoxication.
 

 As for the third element of the
 
 Lynch
 
 analysis, petitioner contends that California is one of only ten states which make it a crime to be under the influence of drugs and that only six other states impose a maximum punishment equal to or more severe than that imposed by California.
 
 [3]
 
 The fact that only a minority of states choose to punish the offense at all is not dispositive of the constitutional question.
 
 Lynch
 
 does not require or advise that we conform “our Penal Code to the ‘majority rule’ or the least common denominator of penalties nationwide.”
 
 (People
 
 v.
 
 Wingo, supra,
 
 14 Cal.3d 169, 179.) Although the drug problem exists nationwide, its severity may differ from state to state and place to place. It is neither likely nor desirable that each of the state Legislatures adopt the same solution to the problem. The maximum penalty imposed in California is entirely reasonable when compared with the penalties imposed by those other states which have chosen to penalize illicit drug usage.
 

 Finally, petitioner contends that Health and Safety Code, section 11550 violates the equal protection clause because it does not include within its
 

 
 *931
 
 proscription such dangerous substances as barbiturates and amphetamines. Petitioner urges that the classification established by the statute must be subjected to strict scrutiny because the statute by its penal provisions poses a threat to personal liberty. Petitioner relies for this proposition on
 
 People
 
 v.
 
 Olivas,
 
 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375]. As this court noted in
 
 Alex T.
 
 v.
 
 Superior Court,
 
 72 Cal.App.3d 24, 28 [140 Cal.Rptr. 17], “. . . the mere possibility of confinement somewhere down the road . . .” does not invoke the. strict scrutiny test. Rather the legislation must be upheld if the classification which it draws bears “. . . some relevance to the purpose for which the classification is made.”
 
 (Baxstrom v. Herold,
 
 383 U.S. 107, 111 [15 L.Ed.2d 620, 623-624, 86 S.Ct. 760].) The legislative purpose in drawing the classification it did in section 11550 was to protect the individual and society from the adverse effects of the substances contained within the classification. The classification would be irrational only if the substances contained therein were shown to be harmless. This petitioner has not done. She cannot establish the invalidity of the classification by pointing out that the Legislature has omitted from it other drugs which are also highly dangerous. The state is not required “to strike at all evils at the same time or in the same way”
 
 (Semler
 
 v.
 
 Oregon State Bd. of Dental Examiners,
 
 294 U.S. 608, 610 [79 L.Ed. 1086, 1089, 55 S.Ct. 570]) in order to avoid the pitfalls of the equal protection clause.
 

 The order to show cause is discharged. The petition for writ of habeas corpus is denied.
 

 Kaus, P. J., and Stephens, J., concurred.
 

 [1]
 

 Section 11550 provides: “No person shall use, or be under the influence of any controlled substance which is (1) specified in subdivision (b) or (c) of Section 11054, specified in paragraph (11), (12), or (17) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or (2) which is a narcotic drug classified in Schedule III, IV, or V, excepting when administered by or under the direction of a person licensed by the state to dispense, prescribe, or administer controlled substances. It shall be the burden of the defense to show that it comes within the exception. Any person convicted of violating any provision of this section is guilty of a misdemeanor and shall be sentenced to serve a term of not less than 90 days nor more than one year in the county jail. The court may place a person convicted hereunder on probation for a period not to exceed five years and shall in all cases in which probation is granted require as a condition thereof that such person be confined in the county jail for at least 90 days. In no event does the court have the power to absolve a person who violates this sectionfrom the obligation of spending at least 90 days in confinement in the county jail.”
 

 [2]
 

 Which is appended as an exhibit to petitioner’s supplemental points and authorities in support of the petition.
 

 [3]
 

 Delaware provides for a maximum penalty of five years in prison. (Tit. 16, § 4753.) Nevada has a maximum sentence of six years. (Tit. 40, ch. 453.)