[No. B002481. Second Dist., Div. Six. Feb. 14, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT MOWBRAY JAMESON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, the portion of the opinion to be published follows.

---

COUNSEL

Donald R. Schindler, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert F. Katz and William T. Harter, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

**STONE, P. J.**—Robert Mowbray Jameson appeals from a sentence following jury conviction of two counts of arson (Pen. Code, § 451, subd. (d)) and his admission of two prior serious felony convictions (Pen. Code, §§ 667 and 1192.7). The trial court denied his application for probation and sentenced him to prison for 16 months on each count, each sentence to run concurrently. It also imposed two consecutive five-year enhancements for the prior serious felony convictions, a total sentence of eleven years and four months.

Jameson raises the following issues: (1) the classification of arson as a serious felony under Proposition 8 compels punishment which is cruel and unusual; (2) enhancement of his sentence by the prior 1952 and 1957 robberies is barred by Penal Code sections 667.5 and 667.7; (3) application of Proposition 8's recidivist statutes to him is a denial of equal protection; (4) the trial court's erroneous ruling that it had no jurisdiction to strike his prior serious felony convictions; and finally, (5) he did not receive effective assistance of counsel at trial.

Although only one of Jameson's contentions (number 1) meets the criteria for publication, number 4 has merit. We remand the cause to the trial court so that it may decide whether to exercise its discretion under Penal Code section 1385 to strike the prior felony convictions. (*People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833].) The judgment is otherwise affirmed.

## DISCUSSION

### 1. *Proposition 8's Classification of All Arsons as Serious Felonies Does Not Invoke Punishment Which Is Disproportionate or Cruel and Unusual*

 Penal Code section 667 provides that, "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. . . . [¶] (d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7."

Jameson contends that section 1192.7[1] sets forth a list of crimes classified as serious felonies which constitute inherent threat to life except for section 451, subdivision (d), arson of property. Arson of property "does not include one burning or causing to be burned his own personal property unless there is an intent to defraud or there is injury to another person or another person's structure, forest land or property." (§ 451, subd. (d).) Jameson was convicted of burning his own property with intent to defraud an insurer.[2] He argues that it is inappropriate to classify this offense as a serious felony, and likens the difference between arson of property and arson of a structure

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] He hired a U-Haul trailer, loaded it with flammable solvents, scraps of tile and other material, insured it for $25,000, and drove it to a secluded road where the contents caught fire.

to the difference between residential burglary and burglary of another structure. He also argues that the Legislature recognized this distinction in section 667.7 (habitual offenders) since the only type of arson enumerated in that statute is arson of a structure.

In *Rummel* v. *Estelle* (1980) 445 U.S. 263 [63 L.Ed.2d 382, 100 S.Ct. 1133], the defendant made a similar argument that his conviction for fraudulent use of a credit card to obtain $80 worth of goods or services should not have triggered the Texas "recidivist statute" which mandated a life sentence upon a third felony conviction. There, because the amount in question was greater than $50, the charged offense was a felony. (*Id.,* at p. 265 [63 L.Ed.2d at p. 385].) Here, because Jameson burned his own property with intent to defraud an insurer, the offense was a felony rather than a misdemeanor of unlawfully causing a fire of property. (§ 452, subd. (d).)

The Supreme Court in *Rummel* stated that, "the presence or absence of violence does not always affect the strength of society's interest in deterring a particular crime or in punishing a particular criminal. A high official in a large corporation can commit undeniably serious crimes in the area of antitrust, bribery, or clean air or water standard without coming close to engaging in any 'violent' or short-term 'life-threatening' behavior. Additionally, Rummel cites the 'small' amount of money taken in each of his crimes. But to recognize that the State of Texas could have imprisoned Rummel for life if he had stolen $5,000, $50,000, or $500,000, rather than the $120.75 that a jury convicted him of stealing, is virtually to concede that the lines to be drawn are indeed 'subjective,' and therefore properly within the province of legislatures, not courts." (445 U.S. at 275 [63 L.Ed.2d at p. 392].)

The Supreme Court held that the mandatory life sentence imposed on Rummel did not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments: "The purpose of a recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense, but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." (*Id.,* at p. 284 [63 L.Ed.2d at p. 397].)[3]

---

[3] In *Solem* v. *Helm* (1983) 463 U.S. 277 [77 L.Ed.2d 637, 103 S.Ct. 3001], the U.S. Supreme Court *did* find a life sentence without possibility of parole disproportionate to a recidivist who uttered a bad check, his seventh non-violent felony. The Court distinguished *Rummel* on the basis that Rummel was eligible for parole in approximately 12 years.

In *People* v. *Jackson* (1985) 37 Cal.3d 826, 832 [210 Cal.Rptr. 623, 694 P.2d 736] the California Supreme Court said that the list of crimes in section 1192.7—one of which is arson—was apparently taken from the list in section 12021.1, subdivision (b), which was intended to enumerate "violent crimes." In *Jackson,* the Supreme Court concluded that the list in section 1192.7 included either violent felonies or non-violent crimes "so dangerous that [their] repeated occurrence might in the mind of the voters call for enhanced punishment equivalent to that imposed upon violent recidivists." (*Id.*, at p. 832.)

Thus, California's interest is not simply that of making criminal the burning of one's personal property with intent to defraud an insurer; ". . . it is in addition the interest, expressed in all recidivist statutes, in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." (*Rummel* v. *Estelle, supra,* 445 U.S. at p. 276 [63 L.Ed.2d at p. 392].) It is not unreasonable, arbitrary or capricious to decide that arson of personal property with either intent to defraud or injury to another person, another person's structure, forest land or property poses a serious danger to society. ■ Section 667 has a reasonable and proper purpose—to discourage persons from repeating serious felonies. (*People* v. *Villasenor* (1984) 152 Cal.App.3d 30, 33 [199 Cal.Rptr. 349].) It also "provides for more severe punishment, proportionate to their persistence in crime of those who have proved immune to lesser punishment." (*In re McVickers* (1946) 29 Cal.2d 264, 270 [176 P.2d 40].)

■ We do not find Jameson's sentence to be so disproportionate to the crime he committed that it " 'shocks the conscience and offends fundamental notions of human dignity.' " (*People* v. *Dillon* (1983) 34 Cal.3d 441, 478 [194 Cal.Rptr. 390, 668 P.2d 697]; *In re Lynch* (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2d 921].)

Under the tripartite analysis of *Lynch* (also used in *Solem* v. *Helm, supra,* 463 U.S. at p. 291 [77 L.Ed.2d at p. 650]), i.e., nature of the offense and offender, comparison of challenged penalty with punishments prescribed in this jurisdiction for other more serious offenses, and comparison with punishments prescribed in other jurisdictions for the same offense, consideration of the penological purpose of the statute is a relevant factor. (*In re Orosco* (1978) 82 Cal.App.3d 924, 928 [147 Cal.Rptr. 463].) Jameson has offered no comparison with punishments in the same jurisdiction deemed more serious which carry lighter punishments nor with punishments in other jurisdictions for the same offense. The habitual offender statute Jameson points to, which lists arson of a structure (§ 667.7), is not comparable to 667 since it is of an entirely different and greater magnitude. That section

imposes a life sentence for one who inflicts great bodily injury or uses force likely to produce great bodily injury in a present offense and who has served two separate prison terms for particularly violent or reprehensible crimes. Our conscience is not shocked, in the constitutional sense, by Jameson's sentence.

. . . . . . . . . . . . . . . . . . . . . . . . .*

Jameson's last contention is moot due to our remand to the trial court for exercise of its discretion pursuant to section 1385 and *People* v. *Fritz, supra,* 40 Cal.3d 227. We remand the cause to the trial court to determine whether to exercise its discretion to strike the punishment imposed on one or both of the two prior convictions. In all other respects, the judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.

---

*See footnote, *ante*, page 658.