**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL GABRIEL JORDISON,

             *Petitioner,*

v.

PETER D. KEISLER,* Acting
Attorney General,

            *Respondent.*

No. 04-71026

Agency No.
A79-371-001

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2006
Submission Vacated January 24, 2007
Resubmitted August 15, 2007
Pasadena, California

Filed September 4, 2007
Amended October 30, 2007

Before: Melvin Brunetti, Alex Kozinski and
Pamela Ann Rymer, Circuit Judges.

Opinion by Judge Kozinski

---

    *Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

14261

**COUNSEL**

Paul N. Medved, Law Offices of Paul N. Medved, Los Angeles, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation; Wayne C. Raabe, Senior Trial Attorney, U.S. Department of Justice, Criminal Division, Narcotics and Dangerous Drugs Section, Washington, D.C., for the respondent.

**ORDER**

The opinion filed on September 4, 2007 is ordered amended. The following paragraph, which appears on page 11409 of the slip opinion, is deleted:

> Ordinarily we would remand so the government could submit petitioner's complete record of conviction and the agency could apply the modified categorical approach in the first instance. *See Gonzales* v. *Thomas*, 126 S. Ct. 1613, 1615 (2006) (per curiam) (describing the ordinary remand rule). But because the government has conceded that it has already submitted everything it could obtain bearing on Jordison's conviction,[3] a remand would be pointless. *Fernandez-Ruiz* v. *Gonzales*, 466 F.3d 1121, 1135 (9th Cir. 2006) (en banc).

In its place, the following paragraph is inserted:

> The government asks us to remand so that the agency may apply the modified categorical approach, but such a remand would be pointless, as the government concedes it has already submitted Jordison's complete record of conviction.[3] In these

circumstances, there is no need to remand; we may decide the question ourselves. *See Fernandez-Ruiz* v. *Gonzales*, 466 F.3d 1121, 1135 (9th Cir. 2006) (en banc).

The text of footnote 3 is unchanged.

---

## OPINION

KOZINSKI, Circuit Judge:

We consider whether petitioner's conviction under California Penal Code § 452(c) for "recklessly set[ting] fire to . . . a structure or forest land" is a "crime of violence" under 18 U.S.C. § 16(b).

Michael Gabriel Jordison is a Canadian citizen who came to this country on a temporary visa and remained here after that visa expired. Jordison pled guilty to setting a fire in violation of California Penal Code § 452(c),[1] and the government sought to deport him on the theory that this is an "aggravated felony." *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (aliens "convicted of an aggravated felony" are "deportable"). The immigration judge agreed with the government and ordered Jordison removed to Canada. The Board of Immigration Appeals affirmed, holding that every violation of section 452(c) is a "crime of violence" under 18 U.S.C. § 16(b) and thus, by definition, an "aggravated felony." *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony"). Because the interpretation of "crime of violence" is a "question of law," we have jurisdiction to hear Jordison's petition for review of the Board's decision under 8 U.S.C. § 1252(a)(2)(D).

---

[1]This provision prohibits "[u]nlawfully causing a fire of a structure or forest land." California Penal Code § 452 defines "unlawfully causing a fire" to mean "recklessly set[ting] fire to or burn[ing] or caus[ing] to be burned."

**[1]** 18 U.S.C. § 16(b) defines "crime of violence" as an "offense that . . . involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The government argues that setting a fire "involves a substantial risk" that other people and their property will be harmed by the "physical force" of the flames.

**[2]** But an incendiary can violate section 452(c) by "set[ting] fire" to his own "structure or forest land." California law defines "structure" and "forest land" to include *any* building and *any* forest land. Cal. Penal Code § 450(a)-(b). Section 452(c)'s prohibition is not limited to fires that damage the property of others, unlike other California crimes of burning, which do require proof that someone else's property was damaged.[2] Comparing section 452(c) with neighboring sections makes it clear that the state was not required to prove that Jordison set fire to someone else's structure or forest land in order to obtain a conviction.

**[3]** Section 16(b), by contrast, does require such proof: A crime of violence involves risk that physical force may be used against the person or property "of another." Therefore, not every violation of section 452(c) is a "crime of violence" under 18 U.S.C. § 16(b). *See United States* v. *Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc) ("Where, as here, a state statute explicitly defines a crime more broadly than the generic definition, no 'legal imagination' is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of

---

[2]*See* Cal. Penal Code § 451(d) ("For purposes of this paragraph, arson of property does not include one burning or causing to be burned his or her own personal property unless there is an intent to defraud or there is injury to another person or another person's . . . property."); *id.* § 452(d) ("For purposes of this paragraph, unlawfully causing a fire of property does not include one burning or causing to be burned his own personal property unless there is injury to another person or to another person's . . . property.").

the crime." (quoting *Gonzales* v. *Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007) (citation omitted))).

**[4]** We next consider whether Jordison's crime is a crime of violence under the modified categorical approach. *See Chang* v. *INS*, 307 F.3d 1185, 1189-92 (9th Cir. 2002). The record contains the original information, charging Jordison with arson, and a "minute order" of Jordison's plea colloquy. The minute order notes that the information was amended "to change count 01 to read violation 452(c) PC-cause fire struct/ forest land instead of 451(d) PC-arson," and that a "new and different plea of guilty [was] entered." There is no amended information, no transcript of the plea colloquy, nor any other document describing the details of the crime to which Jordison pled guilty. Nothing in the record precludes the possibility that Jordison was convicted for setting fire to his own property.

The government asks us to remand so that the agency may apply the modified categorical approach, but such a remand would be pointless, as the government concedes it has already submitted Jordison's complete record of conviction.**³** In these circumstances, there is no need to remand; we may decide the question ourselves. *See Fernandez-Ruiz* v. *Gonzales*, 466 F.3d 1121, 1135 (9th Cir. 2006) (en banc).

**[5]** We vacate the BIA's order of removal, and we remand so the agency can consider whether Jordison is eligible for any form of relief from removal.

**PETITION FOR REVIEW GRANTED, ORDER VACATED and REMANDED.**

---

**³**The government's brief states that the proceedings before the immigration judge were "suspended" so that Jordison's "complete official records of . . . conviction" could be "produced." At oral argument, government counsel professed his belief that all relevant documents are in the record.