**Ricardo MIRANDA–ROSALES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Dec. 26, 2007.

---

Malaika M. Eaton, Esq., Heller Ehrman, LLP, Seattle, WA, for Petitioner.

Ricardo Miranda–Rosales, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, W. Manning Evans, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER *, District Judge.

MEMORANDUM **

Ricardo Miranda–Rosales, a Mexican citizen, petitions for review of the Bureau of Immigration Appeals' (BIA) order summarily affirming the Immigration Judge's oral decision ordering Miranda–Rosales removed to Mexico because he was convicted of a "crime of violence." We grant the petition.

■ We are not persuaded by the government's argument that we lack jurisdiction to consider Miranda–Rosales's petition because it presents new issues not raised before the BIA. Although the failure to raise a non-constitutional issue in an appeal to the BIA "constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter," Miranda–Rosales is entitled to present new arguments to support a claim that he properly asserted below. *Vargas v. U.S. Dep't of Immigration & Naturalization,* 831 F.2d 906, 907–908 (9th Cir.1987); 8 U.S.C. § 1252(d)(1); *see also Cruz–Navarro v. INS,* 232 F.3d 1024, 1030 n. 8 (9th Cir. 2000) (holding that "the issue in question may have been argued in a slightly different manner in the lower court and still be preserved for appeal."). Miranda–Rosales raised the same issue before the BIA that he raises in his petition: whether his arson conviction under California Penal Code (CPC) § 451(d) qualifies as a "crime of violence" because "the statute is divisible, containing portions that fit the definition of

an aggravated felony and portions that do not." This statement, contained in the brief he submitted to the BIA, was "sufficient to put the BIA on notice" and to give the agency "an opportunity to pass on this issue." *Kaganovich v. Gonzales,* 470 F.3d 894, 897 (9th Cir.2006). It therefore served to exhaust the claim and to confer this court with jurisdiction over Miranda–Rosales's petition. *Id.*

■ Turning to the petition's merits, we conclude that Miranda–Rosales's conviction for violating CPC § 451(d) does not qualify as a "crime of violence" under the categorical approach. CPC § 451(d) criminalizes setting fire to one's own property and therefore encompasses conduct that does not meet the definition of a "crime of violence" under federal law. *See* CPC § 451(d) ("arson of property does not include one burning or causing to be burned his or her own personal property unless there is an intent to defraud...."); 18 U.S.C. § 16 (defining a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"); *see also People v. Jameson,* 177 Cal.App.3d 658, 223 Cal.Rptr. 108, 109 (1986) (upholding sentencing enhancement based on defendant's prior conviction under CPC § 451(d) for "burning his own property with intent to defraud an insurer"); *Jordison v. Gonzales,* 501 F.3d 1134, 1135 (9th Cir.2007) (holding that a conviction for arson under CPC § 452(c) did not qualify as a crime of violence because the state was not required to prove that the petitioner set fire to someone else's property in order to obtain the conviction).

■ Miranda–Rosales's conviction also fails to qualify as a "crime of violence"

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under the modified categorical approach because the government failed to present sufficient evidence to demonstrate that Miranda–Rosales pled guilty to burning another's property. The government did not submit the terms of Miranda–Rosales's plea agreement, a transcript of the plea colloquy, or any other cognizable judicial record memorializing the factual basis for his plea. Rather, it provided an Abstract of Judgment, which courts cannot consider under the modified categorical approach, and an Information, which is never enough, standing alone, to establish an alien's removability. *See Shepard v. United States,* 544 U.S. 13, 20, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *United States v. Snellenberger,* 493 F.3d 1015, 1019–21 (9th Cir.2007); *Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir. 2007). Accordingly, we hold that the BIA erred in affirming the removal of Miranda–Rosales based on his conviction for committing a "crime of violence."

Finally, we deny the government's request for remand. The government has had an adequate opportunity to present the record of Miranda–Rosales's conviction and the BIA has already considered whether that conviction qualifies as a "crime of violence" under the modified categorical approach. Under these circumstances, remand is "unnecessary and inappropriate." *Ruiz–Vidal,* 473 F.3d at 1080; *see also Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1132–35 (9th Cir.2006) (en banc).

PETITION FOR REVIEW GRANTED.