**Mohammed SHAMIM, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

Nos. 07–70895, 07–72351.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed April 28, 2009.

Zachary Miller Nightingale, Avantika Shastri, Van Der Hout, Brigagliano & Nightingale, LLP, San Francisco, CA, for Petitioner.

David V. Bernal, Assistant Director, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, Carol Federighi, Esquire, Senior Litigation Counsel, OIL, U.S. Department of Justice, Civil Division/Office Of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, NOONAN, Circuit Judge and EDMUNDS,* District Judge.

MEMORANDUM **

The BIA erred when it determined that petitioner's conviction under Cal.Penal

Code § 69 for resisting an executive officer is a "crime of violence" under 18 U.S.C. § 16 and thus qualifies as an "aggravated felony," under 8 U.S.C. § 1101(a)(43)(F). The conduct proscribed by Cal.Penal Code § 69 is broader than the "crimes of violence" defined in 18 U.S.C. § 16. *See Jordison v. Gonzales*, 501 F.3d 1134, 1135 (9th Cir.2007).

Petitioner also challenges whether his convictions under Cal.Penal Code § 69 for resisting an executive officer, under Cal.Penal Code § 594 for vandalism, and under Cal.Penal Code § 245(a)(1) for assault with a deadly weapon, not a firearm constitute "crimes involving moral turpitude." We remand to the BIA for reconsideration, in light of *Marmolejo–Campos v. Holder*, 558 F.3d 903 (9th Cir.2009), and *In re Silva–Trevino*, 24 I. & N. Dec. 687 (A.G.2008), whether any of petitioner's convictions constitutes a crime involving moral turpitude.

PETITION GRANTED.

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.