**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| FERNANDO ENRIQUE CABRERA-ARUCHA, a.k.a. Fernando Cabrera a.k.a. Fernando Enrique Cabrera a.k.a. Fernando Enrique Arucha a.k.a. Fernando Hernandez Arocha, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-73354 <br><br> Agency No. A043-276-889 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2009
Pasadena, California

Before: W. FLETCHER, CLIFTON, and M. SMITH, Circuit Judges.

Petitioner Fernando Enrique Cabrera-Arucha, a native and citizen of El

Salvador, appeals the BIA's ruling upholding the IJ's decision that he is removable

under INA § 237(a)(2)(A)(iii) for being an alien convicted of an aggravated felony.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Cabrera-Arucha argues that the BIA erred in concluding that his underlying offense of conviction, arson under California Penal Code § 451(d), was an aggravated felony subjecting him to removal. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

## 1. Categorical Analysis

First, the BIA erred in holding that California Penal Code § 451(d) is categorically an aggravated felony. Cabrera-Arucha was found removable pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Under that provision, an alien who was convicted of an "aggravated felony," which is defined as, among other things, "a crime of violence . . . for which the term of imprisonment [is] at least one year," *id.* § 1101(a)(43)(F), is removable. *Id.* § 1227(a)(2)(A)(iii). A "crime of violence" is defined as "any . . . offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

The California statute under which Cabrera-Arucha was convicted is broader than the definition of a "crime of violence" under 18 U.S.C. § 16. A defendant can

2

violate § 451(d) by "burning or causing to be burned his or her own personal property" provided there is "an intent to defraud." Cal. Pen. Code § 451(d); *People v. Jameson*, 223 Cal. Rptr. 108, 109 (Cal. Ct. App. 1986). Therefore, a defendant found guilty under § 451(d) has not necessarily committed an offense that "involves a substantial risk [of] physical force against the person or property of another." 18 U.S.C. § 16(b); *cf. Jordison v. Gonzales*, 501 F.3d 1134, 1135 (9th Cir. 2007) (conviction for Cal. Penal Code § 452(c) did not qualify as a crime of violence because the state was not required to prove petitioner set fire to someone else's property to obtain a conviction). Cabrera-Arucha's offense of conviction was not categorically an aggravated felony.

**2.    Modified Categorical Analysis**

However, Cabrera-Arucha's offense under California Penal Code § 451(d) did constitute an aggravated felony using the modified categorical analysis. Under that approach, we may consider a charging document in combination with an abstract of judgment, provided that the documents specifically demonstrate that the petitioner pled guilty to the elements of the generic crime. *See Ramirez-Villalpando v. Holder*, — F.3d —, 2010 WL 1407959, at *4 (9th Cir. Apr. 9, 2010).

3

Count one of the information charges that Cabrera-Arucha "did willfully, unlawfully, and maliciously set fire to and burn and cause to be burned the property of another, to wit, ALFRED CAMARA." The abstract of judgment similarly states that Cabrera-Arucha was convicted of "ARSON; PROPERTY" and lists "ALFRED CAMARA" as the "VICTIM." Therefore, the offense to which Cabrera-Arucha pled guilty was an "offense . . . that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" and thus was a crime of violence under 18 U.S.C. § 16(b). Because Cabrera-Arucha was sentenced to 16 months, it was a crime "for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(F), and the BIA did not err in determining that Cabrera-Arucha was convicted of an aggravated felony.

Because the BIA did not err in concluding that Cabrera-Arucha committed an aggravated felony making him subject to removal, we deny his petition.

**PETITION DENIED**.