**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10508 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02542-FRZ-CRP-1 |
| v. | |
| CATALINO PINEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted December 8, 2011
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and GEORGE, Senior District Judge.[**]

Catalino Pineda appeals his sentence for his criminal conviction for illegal

reentry after removal under 8 U.S.C. § 1326(a), with an enhancement under 8

U.S.C. § 1326(b) for having previously been convicted of an aggravated felony.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lloyd D. George, Senior District Judge for the U.S. District Court for Nevada, sitting by designation.

Pineda had previously been convicted of arson in violation of California Penal Code § 451(c).

Pineda's conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a), carries a statutory maximum sentence of 2 years, but that maximum goes up to 10 years if he was previously convicted of a felony, and up to 20 years if he was previously convicted of an aggravated felony. 8 U.S.C. § 1326(b).

Pineda concedes that his conviction qualifies as a felony under 8 U.S.C. § 1326(b)(1), whether or not it is an aggravated felony under 8 U.S.C. § 1326(b)(2).[1] Thus, the district court could have sentenced Pineda up to 10 years. We therefore affirm the sentence of forty-eight months imposed by the district court, and remand for the district court to correct the judgment to cite 8 U.S.C. § 1326(b)(1) instead of 8 U.S.C. § 1326(b)(2).

**AFFIRMED and REMANDED.**

---

[1] We do not opine on any tension between *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1230 (9th Cir. 2005) (interpreting U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (2001)), and *Jordison v. Gonzales*, 501 F.3d 1134, 1135 (9th Cir. 2007) (interpreting 8 U.S.C. § 1101(a)(43)), in the method to be used to determine whether a prior conviction qualifies as an aggravated felony because any such decision is not necessary in this case.