Filed 3/4/21  In re Guerrero CA4/2
*See dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re DAVID GUERRERO<br><br>on Habeas Corpus. | E075274<br><br>(Super.Ct.Nos. WHCJS1800126 &<br> RIF1203580)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Mac R. Fisher, Judge.  Petition denied.

David Guerrero, in pro. per., for Petitioner.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Respondent.

# I.  INTRODUCTION

In 2010, David Guerrero (petitioner) pleaded guilty to active participation in a criminal street gang in violation of Penal Code[1] section 186.22, subdivision (a).

In 2012, the California Supreme Court held that, based upon principles of statutory interpretation, a conviction for violation of section 186.22, subdivision (a), must be premised upon felonious conduct committed by at least two gang members acting together and cannot be committed by a gang member acting alone.  (*People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*).)

In 2014, petitioner was convicted by a jury of attempted first degree murder.  At the time of sentencing on this conviction in 2015, the trial court determined that petitioner's 2010 conviction for violation of section 186.22, subdivision (a), qualified as a prior strike offense resulting in an enhanced sentence of 25 years to life.  (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2).)

In this habeas proceeding, petitioner seeks to annul his 2010 conviction for active gang participation, arguing that insufficient evidence supports that conviction in light of the subsequent interpretation of section 186.22, subdivision (a), set forth in *Rodriguez*, *supra*, 55 Cal.4th 1125.  Petitioner further argues that once annulled, the 2010 conviction can no longer support a sentence enhancement, and his 2015 sentence should be vacated and remanded for resentencing.

---

[1]  Undesignated statutory references are to the Penal Code.

We conclude that the petition is barred by the rule against bringing successive habeas petitions attacking the same judgment. We further conclude that, even if we were to consider petitioner's claim on the merits, petitioner has not met his burden to show he is entitled to the relief requested.

## II. FACTS AND PROCEDURAL HISTORY[2]

In May 2010, petitioner was arrested by San Bernardino County Sheriff's deputies. The crime report indicates that petitioner was initially arrested for being a felon in possession of a firearm. In August 2010, pursuant to a negotiated plea bargain, initial charges brought against petitioner as a result of this incident were dismissed; the felony complaint against petitioner was amended to state a new charge for a violation of section 186.22, subdivision (a); and petitioner pleaded guilty to that charge. Petitioner was sentenced to a two-year term in state prison for this offense.

On November 6, 2014, petitioner was found guilty by a jury of attempted first degree murder. (§§ 664, 187, subd. (a).) Additionally, the jury found true special

---

[2] In issuing its order to show cause, the California Supreme Court granted a request by respondent to take judicial notice of the record in petitioner's direct appeal from the judgment. (*People v. Guerrero* (Mar. 6, 2017, E064759) [nonpub. opn.].) Further, respondent has directed our attention to a prior habeas petition brought by petitioner before this court on January 12, 2018. (*In re David Guerrero* (Apr. 9, 2018, E069787).) We will take judicial notice of this additional matter, as the prior petition was alleged as a relevant fact in the return, and petitioner has not disputed this allegation in his traverse. (Evid. Code, § 452; *Swaffield v. Universal Ecsco Corp.* (1969) 271 Cal.App.2d 147, 159 ["The appellate court, in the interest of justice, may properly take judicial notice of a prior judgment in a different case when the judgment is appropriately drawn to the court's attention and the opposing party has adequate notice and opportunity to be heard on the question of the effect of such judgment."].)

allegations that petitioner personally used a deadly and dangerous weapon in violation of sections 12022, subdivision (b)(1), and 1192.7, subdivision (c)(23).

On January 15, 2015, in a bifurcated proceeding, petitioner admitted he had suffered two prior "strike" convictions within the meaning of sections 667, subdivisions (c) and (e)(2)(A), and 1170.12, subdivision (c)(2)(A), including an August 2010 conviction for violation of section 186.22, subdivision (a).

At the sentencing on October 23, 2015, petitioner discharged his counsel at the beginning of the proceeding and opted to represent himself. Petitioner brought a *Romero*[3] motion and proceeded to argue that two of his prior convictions should not be considered strike offenses for purposes of enhancing his sentence. With respect to his 2010 conviction, petitioner specifically stated: "The second one is a 186.22, which does not qualify either because of a constitutional basis due to a *Joe Rodriguez* in 2012, that appellate case." The trial court asked petitioner to provide the specific case citation, and petitioner responded by stating: "*People versus Joe Rodriguez, Jr.*, 55 [¶] . . . [¶] Cal.4th 1125. [¶] . . . [¶] The case says that the 186.22(a), in order to violate it and fulfill the third element of it, you have to have committed a crime with more than one gang member, somebody from your gang." Later in the proceeding, the trial court noted it had received a sealed envelope from the San Bernardino County Sheriff's Department and asked petitioner why those documents had been transmitted to the court. Petitioner responded by stating: "I filed a subpoena to get the police report on the 186.22 . . . ."

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

4

In response to petitioner's argument that his prior conviction under section 186.22, subdivision (a), no longer qualified as a strike offense, the prosecutor noted that the question of whether petitioner's prior conviction qualified as a strike offense "would be fact-specific in his case," and thus, to the extent petitioner wanted to relitigate the facts, he should proceed by writ petition.

Following extensive argument, the trial court noted: "[Y]ou have previously pled or admitted to the two strikes. That's what the court's record reflects. And I think that's what your comments would suggest, is that you reserve your right to argue that these in fact are strikes at all. [¶] And I've now listened to that argument, and I reject respectfully that argument and do find that you suffer from two strikes . . . . [¶] Having said that, your right to an appeal can be based upon ineffective assistance of counsel both at trial [and] at time of sentencing; it can be based upon any number of different theories that you might have. [¶] And it appears to me that you have done an extensive amount of research and put in an extensive amount of thought both into the historical basis for making these arguments, and the legal basis for making these arguments. [¶] And what I say, and the decisions I make can be reviewed by the appellate courts, okay." The trial court proceeded to deny petitioner's *Romero* motion and sentenced petitioner to 11 years, with an additional 25 years to life as a result of the prior strike offenses.

On November 3, 2015, petitioner filed a direct appeal, arguing he was not adequately advised of his rights prior to waiving his right to a jury trial and admitting to suffering prior convictions used to enhance his sentence. (*People v. Guerrero*, *supra*, E064759.) Petitioner did not challenge the sufficiency of the evidence to support the trial

5

court's true finding with respect to his prior convictions or contend the trial court committed sentencing error. This court affirmed the judgment in an unpublished opinion filed on March 6, 2017 (*People v. Guerrero*, *supra*, E064759), and review was subsequently denied by the California Supreme Court on May 24, 2017 (*People v. Guerrero* (May 24, 2017, S241400), review den.).

On December 1, 2017, petitioner filed a habeas petition in the superior court raising issues of ineffective assistance of counsel, which was denied on December 26, 2017. On January 12, 2018, petitioner filed a habeas petition in this court alleging ineffective assistance of appellate counsel. (*In re David Guerrero*, *supra*, E069787.) Petitioner identified five claims against his appellate counsel in this petition, but he did not assert that appellate counsel was ineffective for failure to challenge the sufficiency of the evidence to support the trial court's true findings on special allegations relied upon to enhance his sentence or for failure to raise sentencing error. (*Ibid*.) This court denied his petition (*In re Guerrero*, petn. den. Apr. 9, 2018, E069787) and the California Supreme Court summarily denied the same claims (*In re Guerrero*, review den. Nov. 14, 2018, S249291).

On March 21, 2018, while petitioner's habeas petition alleging ineffective assistance of appellate counsel was pending before this court, petitioner filed a new habeas petition in the superior court alleging that insufficient evidence supported his 2010 conviction pursuant to *Rodriguez*. The superior court denied the petition. (*In re Guerrero*, petn. den. May 11, 2018, WHCJS1800126.)

6

On August 13, 2018, petitioner filed a habeas petition raising these same claims before this court, which we summarily denied. (*In re Guerrero*, petn. den. Sept. 19, 2018, E071084.)

On September 26, 2019, petitioner filed another habeas petition raising these same claims before the California Supreme Court, which subsequently issued an order directing respondent to show cause before this court as to why petitioner is not entitled to the relief requested. (*In re Guerrero*, June 24, 2020, S258205.)

## III. DISCUSSION

### A. *The Effect of the Supreme Court's Order to Show Cause*

" 'Because a petition for a writ of habeas corpus seeks to collaterally attack a presumptively final criminal judgment, the petitioner bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them.' " (*In re Figueroa* (2018) 4 Cal.5th 576, 587.)

The issuance of an order to show cause is " 'an implicit preliminary determination' as to claims *within the order* that the petitioner has carried his burden of allegation, that is, that he 'has made a sufficient prima facie statement of specific facts which, if established, entitle him to . . . relief . . . .' [Citation.] That determination, it must be emphasized, is truly 'preliminary': it is only initial and tentative, and not final and binding." (*In re Sassounian* (1995) 9 Cal.4th 535, 547.) "[W]hen the Supreme Court, in response to a habeas corpus petition, issues an order to show cause returnable before a lower court, the lower court must decide the issues before it on their merits. . . . It is not, however, the equivalent of a final appellate decision on questions of law, nor

7

does it constitute law of the case." (*In re Orosco* (1978) 82 Cal.App.3d 924, 927; accord, *Hudson v. Superior Court* (2017) 7 Cal.App.5th 1165, 1170, fn. 4.)

Once the order to show cause is issued, it "creates a 'cause' giving the People a right to reply to the petition by a return and to otherwise participate in the court's decisionmaking process. [Citation.] It is the interplay between the return and the petitioner's response to the return in a pleading called the traverse, that frames the issues the court must decide in order to resolve the case." (*In re Serrano* (1995) 10 Cal.4th 447, 455.) "The return and traverse to the order to show cause are the means by which issues are joined and defined." (*Rose v. Superior Court* (2000) 81 Cal.App.4th 564, 573.)

The California Supreme Court's issuance of an order to show cause in this case did not limit the return to any specific factual or legal issue, but it instead directed the return to address why petitioner's request for relief should not be granted. Thus, it constitutes a preliminary determination that petitioner has alleged facts that, if left unchallenged, would entitle him to relief but would leave open for determination any issues or facts formally disputed in the return. We proceed to consider those issues here.

B. *The Petition Is Timely*

Respondent's return to the order to show cause raises the issue of timeliness as a procedural bar to petitioner's request for relief. However, the preliminary determination leading to the issuance of an order to show cause includes "a preliminary determination that [the petitioner] has proceeded in a timely manner." (*In re Morrall* (2002) 102 Cal.App.4th 280, 286, fn. 1.) Here, respondent provided the same procedural facts and timeline to the Supreme Court in its informal response to the petition. We interpret

8

the Supreme Court's issuance of an order to show cause, despite being presented with this procedural timeline as a preliminary determination that petitioner has acted in a timely manner, and we decline to revisit the issue of timeliness in the absence of any other evidence to the contrary.

## C. *Petitioner's Claim Is Barred by the Rule Against Successive Petitions*

Despite the fact that petitioner may have acted in a timely manner, his current claim is barred for failure to raise the issue in a prior habeas petition.

" 'A successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition.' [Citation.] Before considering the merits of such a petition, a court must 'ask whether the failure to present the claims underlying the new petition in a prior petition has been adequately explained, and whether that explanation justifies the piecemeal presentation of the petitioner's claims.' " (*In re Hampton* (2020) 48 Cal.App.5th 463, 473.) Our Supreme Court has repeatedly explained that " '[a]s to the presentation of new grounds based on matters known to the petitioner at the time of previous attacks upon the judgment . . . the applicant for habeas corpus "not only had his day in court to attack the validity of this judgment, but . . . had several such days, on each of which he could have urged this objection, but did not do so"; . . . "[t]he petitioner cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings for the same general purpose." ' " (*In re Reno* (2012) 55 Cal.4th 428, 501; see *In re Clark* (1993) 5 Cal.4th 750, 769-770.)

Here, we note that petitioner filed a habeas petition in January 2018 in this court attacking the same judgment on the basis of ineffective assistance of appellate counsel. This petition did not raise the claim now before us, and petitioner has not explained why he did not include this claim in his prior petition. As already detailed, the record establishes that petitioner knew of the legal and factual basis of his claim in October 2015 and further knew that his claim had not been presented with his direct appeal during the pendency of the appeal. Thus, his current claim clearly could have been raised and presented with his prior habeas petition.

The dissent notes that following the filing of his prior habeas petition, petitioner filed an "Application to File Supplemental Habeas." The dissent argues that this court should have stayed activity on his prior habeas petition to permit addition of new claims and that, as a result of our failure to do so, petitioner's current petition is successive only because we made it so. However, as our Supreme Court has previously advised, a "[p]etitioner's assertion that he would have added additional claims to his prior petition had it not been denied neither explains nor justifies the failure to include the claims in the prior petition. [Citation.] The court may grant leave to file a supplemental petition [citation], but has no obligation either to do so or to delay action on a petition in the expectation that a supplement to the petition will be forthcoming. The law mandates prompt disposition of habeas corpus petitions [citation], and the interest of the state in the finality of judgment weighs heavily against delayed disposition of pending petitions." (*In re Clark*, *supra*, 5 Cal.4th at pp. 781-782.) Thus, it was not any perceived inaction by this court that renders the current petition successive, but rather petitioner's failure to

10

include all known claims when bringing his original petition—particularly where, as here, petitioner was fully aware of the issue prior to filing the original petition.

We are sympathetic to the fact that petitioner is self-represented in this proceeding. However, this fact alone cannot justify ignoring an otherwise established rule of procedure pertaining to habeas petitions—particularly where other facts in the record show that petitioner's pro se status did not prevent him from obtaining knowledge of the facts or understanding of the legal basis underlying his claim. The rule against successive petitions does not absolutely bar petitioner from raising a new claim, but it does impose upon petitioner the burden to provide some explanation for why a known claim was not included in an earlier habeas petition. Petitioner did not provide any such explanation in his current petition or in his prior application to file a supplemental petition. In the absence of any explanation, we are left with no basis to conclude petitioner should be exempted from the bar against successive petitions.

D. *Any Collateral Attack on Petitioner's 2015 Sentence Is Barred for Failure to Raise the Issue on Direct Appeal*

Additionally, we note that any review of the merits of petitioner's argument is necessarily limited to the propriety of his 2010 conviction for violation of section 186.22, subdivision (a). Petitioner is not entitled to use this habeas petition as a second appeal of any errors related to the subsequent proceedings resulting in his 2015 sentence.

"Proper appellate procedure . . . demands that, absent strong justification, issues that could be raised on appeal must initially be so presented, and not on habeas corpus in the first instance. Accordingly, an unjustified failure to present an issue on appeal will

11

generally preclude its consideration in a postconviction petition for a writ of habeas corpus. [Citation.] '[H]abeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors *could have been*, *but were not*, raised upon a timely appeal from a judgment.' " (*In re Harris*, *supra*, 5 Cal.4th at p. 829; see *In re Dixon* (1953) 41 Cal.2d 756.) "By insisting on presentation of claims on appeal if reasonably possible, the *Dixon* rule speeds resolution of claims, avoids delay, and encourages the finality of judgments. . . . [T]he *Dixon* rule is consistent with the concept of habeas corpus as an extraordinary remedy available in those infrequent and unusual situations in which regular appellate procedures prove inadequate. In short, a litigant is not entitled to raise an issue on habeas corpus after having failed to raise the same issue on direct appeal." (*In re Reno*, *supra*, 55 Cal.4th at p. 490.)

Here, we note that petitioner is correct in stating he could not have relied upon *Rodriguez* to challenge his 2010 conviction on a direct appeal because *Rodriguez* was not decided until two years later, in 2012. However, at the time of the trial and sentencing on his subsequent conviction, *Rodriguez* was already established law. *Rodriguez* "narrowed the scope of section 186.22(a)" and "[t]his change in the interpretation of section 186.22(a) rendered a pre-*Rodriguez* conviction inconclusive on its face as to whether it qualified as a strike." (*People v. Strike* (2020) 45 Cal.App.5th 143, 150.) As a result, the trial court could not rely on the fact of conviction to find defendant had suffered a prior strike and, instead, the prosecution had the burden to prove defendant previously admitted to all of the elements of the offense as explained by *Rodriguez*. (*Ibid*.)

Additionally, with respect to sentence enhancements, a criminal defendant has the right to have a jury determine factual issues relating to the prior conviction, but legal questions, such as whether a prior conviction qualifies as a strike offense, are questions of law for the trial court to resolve. (*People v. Williams* (2002) 99 Cal.App.4th 696, 700-701; *People v. Navarette* (2016) 4 Cal.App.5th 829, 844.) Thus, while petitioner's admission that he suffered a prior conviction for violation of section 186.22 may have resolved the factual issue of whether he suffered a conviction under that section, it did not resolve the legal question of whether the record of his conviction was sufficient to show that it qualified as a strike.

The record here amply demonstrates that the question of whether petitioner's 2010 conviction could support a sentence enhancement was raised and argued extensively before the trial court prior to sentencing in 2015. Thus, to the extent petitioner believes the trial court's determination that his 2010 conviction qualified as a strike offense was erroneous or not supported by his record of conviction, such claims clearly could and should have been raised on direct appeal.[4] The failure to do so precludes our

---

[4] To the extent the dissent suggests petitioner may have been misled because the prosecutor argued the issue could only be raised by writ petition at the time of sentencing, we observe that the trial court did not adopt this position. Instead, the trial court advised petitioner that, "[Y]our right to an appeal" may be based upon any number of factors and that, "[W]hat I say, and the decisions I make can be reviewed by the appellate courts."

13

consideration of these issues on a petition for habeas corpus.[5]

E. *Petitioner Has Not Met His Burden To Establish Entitlement to Relief on the Merits*

Finally, we conclude that even if we were to overlook the procedural bars we have identified in order to consider the merits of petitioner's claim, petitioner has not provided a sufficient record for us to grant the relief requested.

1. Petitioner Has Not Included a Sufficient Record to Show His 2015 Conviction Was Invalid

With respect to petitioner's collateral attack on his 2015 conviction, petitioner maintains that under *Rodriguez*, his 2010 conviction for violation of section 186.22, subdivision (a), did not qualify as a strike offense for purposes of enhancing his sentence. However, petitioner has not provided an adequate record for us to reach this conclusion.

" ' "A habeas corpus petitioner bears the burden of establishing that the judgment under which he or she is restrained is invalid. [Citation.] To do so, he or she must prove,

---

[5] The dissent suggests the circumstances presented here fall within an exception to this rule and that we should remand the matter for the trial court to determine whether the People can prove petitioner's sentence was validly enhanced. While an exception to this rule exists where a trial court acts "in excess of its jurisdiction," such exception applies only in narrow circumstances where a redetermination of factual matters is unnecessary and is not intended to provide "for the postappeal review of legal issues that requires an appellate court to reopen factual issues already sifted, evaluated, and decided at trial." (*In re Harris*, supra, 5 Cal.4th at pp. 840-841.) In *In re Harris*, the court "reiterate[d] that a claim a court acted in excess of its jurisdiction, where such issue was raised and rejected on direct appeal (or could have been raised on appeal), may be entertained despite the *Waltreus* rule (*In re Waltreus* (1965) 62 Cal.2d 218, 225), provided a redetermination of the facts underlying the claim is unnecessary." (*Id.* at p. 841). In our view, relief that requires remand for the trial court to conduct a new evidentiary hearing and make new factual findings based upon evidence admittedly not in the record before us clearly presents a situation in which a redetermination of factual matters is necessary and does not fall within the exception recognized in *In re Harris*.

14

by a preponderance of the evidence, facts that establish a basis for relief on habeas corpus." ' " (*In re Cox* (2003) 30 Cal.4th 974, 997-998.) "The issue on habeas corpus is not [petitioner's] guilt or innocence or the appropriate punishment but whether the [petitioner] can establish some basis for overturning the underlying judgment." (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 572.)

Thus, to the extent petitioner seeks to collaterally attack his 2015 conviction, the burden was on petitioner to establish that the trial court could not have relied upon his 2010 conviction for violation of section 186.22, subdivision (a), to enhance his sentence.[6] In determining whether petitioner's 2010 conviction qualified as a strike offense, the trial court was entitled to rely upon the facts admitted as part of his 2010 plea. (*People v. Strike*, *supra*, 45 Cal.App.5th at p. 153.) However, petitioner here has provided only a copy of the sentencing minute order related to his 2010 plea, and the record before us does not contain a copy of petitioner's 2010 plea form or the transcript of proceedings related to the trial court's acceptance of his 2010 plea. Absent such, we are unable to determine whether the facts admitted as part of petitioner's 2010 plea are insufficient, as

---

[6] The dissent suggests it is enough that petitioner show the trial court did not adequately require the People to present sufficient evidence in support of an enhancement in the proceedings below. However, a habeas corpus proceeding "may not be used as a device for the correction of mere errors or irregularities committed within the exercise of an admitted jurisdiction. . . . [¶] [O]rdinarily, it is not competent to retry issues of fact or the merits of a defense . . . and the sufficiency of the evidence to warrant the conviction of the petitioner is not a proper issue for consideration. [Citations.] Nor is habeas corpus an available remedy to review the rulings of the trial court with respect to the admission or exclusion of evidence, or to correct other errors of procedure occurring on the trial." (*In re Lindley* (1947) 29 Cal.2d 709, 722-723.) Thus, we believe the burden is correctly placed upon petitioner to prove his conviction is invalid as opposed to merely showing that some irregularity in the trial court proceedings occurred.

petitioner alleges, to find his prior 186.22, subdivision (a), conviction no longer qualifies as a strike after *Rodriguez.* Thus, even when petitioner's claim is considered on the merits, he has not shown entitlement to the relief requested with respect to his 2015 conviction.

2. Petitioner Has Not Included a Sufficient Record to Show His 2010 Conviction Was Invalid

With respect to petitioner's collateral attack on his 2010 conviction, petitioner argues that a crime report shows he was the sole individual arrested at the time and, as such, his conduct could not have constituted a violation of section 186.22, subdivision (a), as subsequently interpreted in *Rodriguez.* We disagree that defendant has made a sufficient showing to support this claim.

Generally, a defendant may be entitled to habeas corpus "*if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct*" (*In re Martinez* (2017) 3 Cal.5th 1216, 1221) or if a decision clarifies the type of conduct proscribed by a statute after the defendant's conviction became final (*In re Scoggins* (2020) 9 Cal.5th 667, 673). However, "a petitioner who collaterally attacks a conviction based upon a statute containing both valid and invalid portions bears the 'burden of proving that he was not tried and convicted for violating the valid part of the statute.' " (*In re Klor* (1966) 64 Cal.2d 816, 822; see *In re Smith* (1970) 2 Cal.3d 508, 510-511.) "In attempting to sustain this burden [a petitioner] is not confined to the evidence presented at trial but may

16

have to resort to 'any necessary additional evidence bearing on the infringement' of his rights." (*In re Smith*, at pp. 510-511.)

This court addressed the issue under similar circumstances in *In re Bartlett* (1971) 15 Cal.App.3d 176. In that case, the petitioner pleaded guilty to a violation of former Health and Safety Code section 11721, which was later used to aggravate his sentence on a subsequent offense. (*In re Bartlett*, at p. 178.) A portion of that statute was subsequently held unconstitutional by the California Supreme Court and the petitioner sought habeas corpus relief. (*Id*. at pp. 178-179.) In support of his claim, the petitioner introduced a copy of the police report related to his arrest, but the report did not clearly set forth what conduct served as the basis for his prior conviction. (*Id*. at p. 179.) Under these circumstances, this court concluded that the evidence was not sufficient to establish the right to relief on this ground since the burden rested on the petitioner to prove he was previously convicted under the unconstitutional, as opposed to the constitutional, portion of the statute. (*Id*. at p. 180.)

Here, the California Supreme Court's decision in *Rodriguez* did not invalidate section 186.22, subdivision (a), but merely clarified the factual circumstances under which a defendant may be validly convicted under the statute. Thus, in seeking habeas corpus relief, petitioner bears the burden to establish his 2010 conviction was premised upon the invalid interpretation of section 186.22, subdivision (a). In support of his petition, petitioner submits a crime report of the 2010 incident and the minute order of his

17

sentencing hearing on the 2010 conviction.[7] However, we conclude these documents are not sufficient to meet petitioner's burden.

While the crime report does indicate petitioner was the only individual arrested at the time of his encounter with San Bernardino County Sheriff's deputies in May 2010, it equally details that his initial arrest was not for a violation of section 186.22, subdivision (a). According to the sentencing minute order, petitioner was initially charged with a different offense, and three months later, at the time of his predisposition hearing, a new charge for a violation of section 186.22, subdivision (a), was added by amendment. The originally charged offense was dismissed, and defendant pleaded guilty to the section 186.22, subdivision (a) offense as part of a plea bargain. From this record, it is unclear what underlying felonious conduct petitioner's section 186.22, subdivision (a) conviction was premised upon.[8,9] The fact petitioner was initially the only individual arrested is of almost no evidentiary value in this context, since petitioner's arrest and the

---

[7] Respondent does not contest the truthfulness or credibility of these documents but disputes the sufficiency of these documents to support petitioner's claim for relief. "An evidentiary hearing is not required if ' "there are no disputed factual questions as to matters outside the trial record." ' " (*In re Figueroa* (2018) 4 Cal.5th 576, 587.)

[8] According to the crime report, petitioner asked what his charges might be during booking; a deputy informed petitioner he would likely be charged as a felon in possession of a firearm with a gang enhancement; and petitioner indicated a willingness to negotiate a plea involving up to 15 years in prison. However, the charging document itself has not been presented.

[9] An underlying felony may give rise to a conviction for actively participating in a criminal street gang in violation of section 186.22, subdivision (a), even where there are insufficient grounds to independently convict the defendant as an accessory to the underlying felony. (*People v. Mesa* (2012) 54 Cal.4th 191, 198.)

18

initial charge stemming from his arrest were not for a violation of section 186.22, subdivision (a).

As the return correctly notes, the record does not provide any information regarding what subsequent investigation might have disclosed following petitioner's initial arrest; whether any individuals might have been subsequently arrested in connection with petitioner's acts; the reason for the prosecutor's decision to amend the charges to include a section 186.22, subdivision (a) allegation; or the reason petitioner chose to plead guilty to that charge in exchange for dismissal of other charges. Petitioner did not offer any additional facts in his traverse to further explain this issue. It was petitioner's burden to show his prior conviction under section 186.22, subdivision (a), was for violation of the invalid, as opposed to a valid, interpretation of that statute. Where the evidence presented by petitioner is insufficient to support such a conclusion, petitioner has not met this burden in seeking relief. The petitioner "bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them." (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

## VI.  DISPOSITION

The order to show cause is discharged and the habeas petition is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS             

J.

I concur:

McKINSTER         

Acting P. J.

*[In re David Guerrero*, E075274]

RAPHAEL, J., Dissenting.

At his 2015 sentencing, petitioner David Guerrero sought to have the People prove the facts supporting the "strike" that increased his sentence. The People were constitutionally required to do so by *Apprendi v. New Jersey* (2000) 530 U.S. 466 and its progeny, and whether they could succeed in Guerrero's case was questionable under *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*).

The trial court erroneously denied Guerrero's request. Now, in his habeas corpus petition, Guerrero renews his argument. The majority concludes that his petition is procedurally barred, and that, even if not, he has failed to prove that his strike is invalid. I respectfully disagree that a procedural bar is appropriately applied. Further, I think it enough that Guerrero shows that the People must prove his strike as he requested at sentencing, rather than prove that he is entitled to relief. I thus would grant his petition and remand for the trial court to determine whether the People can prove the enhancement is valid.

The underlying issue is quite simple. It requires looking at the factual basis established in the plea form and transcript from Guerrero's 2010 guilty plea to a felony count of gang participation in violation of Penal Code section 186.22, subdivision (a) (section 186.22(a)).

If, in the factual basis for his 2010 plea, defendant admitted committing a felony offense with at least one other member of a gang, then that conviction qualified as a prior

1

"strike" for purposes of his 2015 sentencing for attempted first degree murder.  If the defendant did *not* admit this fact—that is, if his 2010 plea left open the possibility that he acted alone—then the conviction did not qualify as a strike.  (See *People v. Strike* (2020) 45 Cal.App.5th 143, 146-147 (*Strike*).)  Guerrero's current challenge to his 2015 sentence, then, depends on the factual basis of his 2010 section 186.22(a) plea.

We do not have that factual basis in our record.  In his petition, Guerrero asserts that the criminal conduct involved in the 2010 conviction was his possessing a gun during a traffic stop, an offense that typically does not involve anyone else.  Regardless, it is plausible that in 2010 Guerrero did not admit that he committed the offense with another gang member because this was not recognized as a requirement at the time.  The requirement was recognized in 2012, when our Supreme Court in *Rodriguez* clarified that section 186.22(a) is not violated by a gang member acting alone.

Representing himself at his 2015 sentencing, Guerrero claimed the 2010 section 186.22(a) conviction was not a strike based on *Rodriguez.*  At that point, the trial court should have required the People "to demonstrate to the trial court, based on the record of the prior plea proceedings," that Guerrero's 2010 guilty plea contained the admission that he committed the offense with another gang member.  (*People v. Gallardo* (2017) 4 Cal.5th 120, 139 (*Gallardo*).)[1]

---

[1] *Gallardo* held that a trial court violates a "defendant's Sixth Amendment right to a jury trial when it [finds] a disputed fact about the conduct underlying [a] defendant's . . . conviction that had not been established by virtue of the conviction itself."  (*Gallardo*, *supra*, 4 Cal.5th at pp. 124-125.)  The question of whether *Gallardo* is retroactive is currently before our Supreme Court in *In re Milton*, S259254.  This division

But this is not what happened in response to Guerrero's sentencing challenge. Rather than attempt to prove the sufficiency of the 2010 conviction, the People asserted that Guerrero had to file a writ petition to challenge that conviction. (Maj. opn., *ante*, at p. 5.) The trial court accordingly rejected Guerrero's argument simply because he had pled to the 2010 offense, without requiring the People to make any showing that the conviction sufficed to enhance Guerrero's sentence. (*Ibid*.) On direct appeal, Guerrero was represented by counsel, but counsel did not challenge the section 186.22(a) strike.

If this were Guerrero's direct appeal and he raised this issue, we would remand for the prosecution to make a showing, if it can, that the factual basis for Guerrero's section 186.22(a) conviction was sufficient to serve as a strike. (See *Strike*, *supra*, 45 Cal.App.5th at pp. 150-154 [vacating true finding on prior strike allegation based on section 186.22(a), and noting that on remand the prosecution might be able to meet its burden using the reporter's transcript of the plea, which was not in the record]; see also, e.g., *Descamps v. United States* (2013) 570 U.S. 254, 270 [Sixth Amendment prohibits a court from increasing a defendant's maximum sentence based on facts beyond the elements of a prior crime he pled guilty to, absent a new jury finding as to those facts].)

Can the same argument succeed in this habeas petition, or is it procedurally barred?

---

has held *Gallardo* to be retroactive. (*In re Brown* (2020) 45 Cal.App.5th 699, review granted June 10, 2020, S261454.) If *Gallardo* is not retroactive, that would expand, beyond the plea proceedings, the evidence that the People could introduce to demonstrate that the section 186.22(a) conviction was valid.

3

The case law indicates that the claim can be raised now even though it was not raised on direct appeal. Guerrero argues that his challenge is to an "unauthorized sentence" that can be raised at any time. More specifically, our Supreme Court has held that a claim that a trial court acted "in excess of its jurisdiction" can be raised on habeas even if not raised on direct appeal. (*In re Harris* (1993) 5 Cal.4th 813, 838-841.) The court identified such claims as including imposing an indeterminate sentence where a determinate sentence was required; "imposing a sentence on the petitioner that was longer than that permitted by law"; a sentence increased because of the denial of certain prison credits; and a claim that two enhancement provisions were improperly applied to lengthen an overall sentence. (*Id*. at p. 839.) Guerrero's claim that his sentence was lengthened (over his objection) by a prior conviction that could not legally qualify as a strike is similar in nature to these situations.

Importantly, our Supreme Court emphasized a claim reviewable under the "in excess of jurisdiction" rule is one that does not require the court to reopen factual issues already litigated. (*In re Harris*, *supra*, 5 Cal.4th at p. 840-841.) A claim not raised on direct appeal can be open on habeas "where such review does not require a redetermination of the facts, and thus poses a strictly legal issue." (*Id*. at p. 841.) Guerrero's claim here requires simply looking at the facts admitted in his 2010 plea to determine whether it was legally sufficient under *Rodriguez*, an inquiry never made as to

a fact that the prosecution was constitutionally required to establish.[2]  For that reason, I would treat Guerrero as in the same position as if he had raised this claim on direct appeal, where he would need to show that he raised the *Rodriguez* issue at sentencing but the People did not show that his prior conviction was compliant.  I would grant the same relief as we would on direct appeal:  a remand for the prosecution to show (if it can) that the section 186.22(a) conviction legally qualifies as a strike.  (*Strike*, *supra*, 45 Cal.App.5th at p. 154; see *In re Kirchner* (2017) 2 Cal.5th 1040, 1056 [habeas relief of remand for resentencing where the court did not consider all constitutionally required factors, even absent showing outcome would be different]; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530, fn. 13 [holding that when a sentencing court misunderstands the scope of its discretion to strike a prior felony conviction, defendant "may file a petition for habeas corpus to secure reconsideration of the sentence"]; *In re Moser* (1993) 6 Cal.4th 342, 345 [habeas relief of remand for resentencing to determine whether the petitioner was prejudiced by erroneous advice].)

Finally, this petition should not be treated as successive in our court.  The majority holds that this petition is successive because it was filed in Superior Court in March 2018, after Guerrero filed a habeas petition in this court in case number E069787 on

---

[2]  If *Gallardo* is not retroactive, the analysis might involve additional documents; for instance, the People might argue that the facts identified in an arrest report demonstrate that the 2010 conviction was based on an offense that Guerrero committed with another gang member, even if Guerrero did not admit as much in his plea.  Guerrero apparently successfully subpoenaed the arrest report for his 2015 sentencing, though it also appears that neither the People nor the trial court found it relevant.  (Maj. opn., ante at p. 4.)

January 12, 2018 alleging ineffective assistance of counsel. (Maj. opn., *ante*, at pp. 9-11.) But on February 8, 2018, Guerrero filed with us an "Application to File Supplemental Habeas," which in substance was an attempt to amend his first habeas petition to include the claim that the section 186.22(a) strike was unlawful under *Rodriguez*. We summarily denied his first habeas petition on April 9, 2018, and did not separately rule on his application to supplement it. We could instead have stayed our activity on his initial petition and permitted him to add this claim, as he requested. At least as to the petitions in our court, this petition is successive because we made it so. We should not find this petition successive in such a circumstance. Guerrero otherwise acted reasonably diligently, as his direct appeal became final on May 26, 2017, and both petitions were initially filed well within a year of that date, fairly closely together.

For these reasons, I respectfully dissent. I would grant the petition and remand to determine whether the prosecution can prove the facts necessary to enhance Guerrero's sentence as it was required to do upon his request at his 2015 sentencing.

RAPHAEL_____
J.